## POSEY v. COMMERCIAL NAT. BANK et al.
### No. 1345—5893.

Commission of Appeals of Texas, Section B. Dec. 22, 1932.

E. A. Wallace, of Cameron, for plaintiff in error.

Cunningham, Moursund & Johnson, of San Antonio, for defendants in error.

SHORT, P. J.

The following brief yet comprehensive statement of the nature and result of this case is made by the plaintiff in error, in her application for the writ of error:

"This case was brought by the plaintiff in error, Mrs. Mary V. Posey, against the defendants in error, The Commercial National Bank, et als., in the District Court of Milam County, primarily to remove cloud cast upon her title to her homestead, by the defendants in error having recorded in that county (the homestead being in the City of Cameron) ab-

stracts of judgment in their favor against L. H. Posey, the divorced husband of the plaintiff in error, and, in the alternative, to charge against one-half of the property one-half the amounts expended by her in the support of the minor children of herself and said husband prior to and subsequent to the divorce, and for one-half of the payments made by her in discharging pavement liens fixed against the property subsequent to the divorce.

"The defense was (defendant in error Neely having disclaimed) that the said L. H. Posey had conveyed to his wife, while the divorce suit was pending, one-half interest in the homestead, together with the right to the use thereof during life, and, the divorce having thereafter been granted, thereby his homestead estate in the property was terminated as a matter of law because, thereafter, his estate in the property was one in remainder which would not support the homestead estate; therefore, the abstracts of judgment attached as liens, which they sought to have foreclosed by cross action.

"The case was tried to the court December 5, 1929, and judgment was given plaintiff in error upon her primary cause of action removing the cloud upon, and quieting her title to the property, and denying the cross relief sought by defendants in error. Upon appeal to the Honorable Court of Civil Appeals for the Third Supreme Judicial District by defendants in error, the judgment of the trial court was in part reversed and remanded to that court with instructions to foreclose the judgment liens upon one-half of the property, and to order sale thereof, but to withhold writ of restitution until the life estate conveyed to plaintiffs in error by said deed was terminated."

The opinion of the Court of Civil Appeals is reported in 34 S.W.(2d) 678.

The application for the writ of error asserts that the opinion of the Court of Civil Appeals in this case is in conflict with the opinions in several cases mentioned, and the writ of error was granted on account of the conflicts alleged. We think the Court of Civil Appeals was correct in every one of its holdings, except that which is assigned in the following statement as error, and we will not discuss these correct holdings as they are immaterial to the decision of the case. The following assignment of error pertinently presents the matter, which we think necessary to discuss: "The court erred in sustaining the first proposition contained in the brief of the appellants, and their assignments of errors Nos. 1, 2, 11, 13, 16, 17, and 18, upon which such proposition is based, by holding in its opinion that the conveyance to appellee by L. H. Posey, her former husband, of a right to the use of the homestead of the family during life, constituted, as a matter of law, an abandonment of his homestead estate in the property in question, notwithstanding the undis-

puted facts of the record that such property was dedicated as the homestead of the family of said L. H. Posey by actual and continuous usage by his family since February 25, 1910, and that at the time of the making of the conveyance in question said property was still used by him as the homestead of the family; and regardless of the fact that at the time the conveyance was made a suit was pending against said L. H. Posey by appellee for a divorce, and that such conveyance, by the recitals thereof, and by the undisputed evidence in the record, showed that the consideration therefor, and the purpose and intention of the maker, L. H. Posey, was to avoid the necessity of the court in which the divorce case was pending, making an adjudication to appellee of the usage of the homestead for herself and minor children; and that the consideration for said conveyance accruing to L. H. Posey, and his purpose and intention in making it, was to secure, and to preserve his homestead; and regardless of the fact that the decree of divorce made no award of the custody of the children, and no disposition of the property, and of the further fact that his said minor children continued to occupy the property as his homestead up to the time he conveyed to appellee his entire estate in the property, and that she and her minor son were still using it at the time of the trial below, and that never for a moment since 1910, when the homestead was purchased and dedicated, to the time of the trial, had the family of L. H. Posey ceased to occupy and use the property as their homestead."

The proposition presented under this assignment, which we think is the correct statement of the law of the case, is as follows: "First Proposition. Posey's conveyance to his wife of her one-half interest in the home with the right to use the whole, under the attending circumstances, and for the consideration and purposes shown in the assignment, was not such an alienation of the property as destroyed his homestead estate therein."

The effect of the particular holding of the Court of Civil Appeals, in its opinion, is that so long as the marital relations continued between the parties, the homestead character of the property remained, but that Posey's act in conveying to his wife one-half of the property, with the right to use his half during life, constituted an abandonment of the homestead as a matter of law, and thereafter Posey had only an interest in the remainder of the property, which could not support a homestead right therein, regardless of the undisputed fact that the conveyance in question expressly stated that it was made for the consideration and purpose of avoiding an adjudication in the divorce case brought by his wife against him, of the identical rights conveyed to her by Posey, to which right the

conveyance recognized she was entitled, and that the court should adjudicate to her, and notwithstanding the undisputed evidence that the property had been the homestead of the parties for many years prior thereto, actually occupied and used by Posey's wife and minor children at the time of the divorce, and which use and occupancy by his children was continued to the very moment of trial, and notwithstanding Posey's undisputed evidence that he made the conveyance in the form it was, for the purpose of preserving the homestead which he never intended to give up.

The Court of Civil Appeals cites several cases in support of its holding, but we have examined all of these cases and find the facts radically different from the facts in this case in every one of them, and therefore we have concluded that the cases cited by the Court of Civil Appeals are not applicable to the facts in this case. In the case of Massillon Engine & Thresher Co. v. Barrow et al., 231 S. W. 368, Section A of the Commission of Appeals said in effect, among other things, that a son living with his widowed mother upon land which she claimed as her homestead was precluded from asserting a homestead interest in the same land which she claimed as her homestead, for the reason that one claiming a mere interest in the remainder is without any right to possession necessary to found a claim of homestead. The Court of Civil Appeals concluded that Posey had only an interest in the remainder of the property involved, and therefore this interest in the remainder, without any right of possession, was insufficient upon which to found a claim of homestead. That is a correct principle of law, in the case cited, for the reason that the son never had fixed any homestead interest in the property, and only had an interest in the remainder as the heir of his mother.

A recorded lien, such as the defendants in error have, attaches to land as soon as it has lost its homestead character by abandonment, and hence the Court of Civil Appeals having concluded from the testimony that L. H. Posey had abandoned his homestead when he executed the deed conveying to his wife a life estate in one-half of the property, it necessarily determined that the defendants in error were entitled to the judgment which was rendered by the Court in their favor. Marks v. Bell, 10 Tex. Civ. App. 587, 31 S. W. 699; Glasscock v. Stringer (Tex. Civ. App.) 33 S. W. 677.

There can be no question but that the property involved in this case had been dedicated as a homestead of L. H. Posey from 1910 up to 1926. The only way, after a property has been designated as a homestead, for it to lose its homestead character, is by death, abandonment, or alienation. All are questions of fact, and so in this case the abandonment by L. H. Posey of his homestead must be ascertained from the testimony, and in determining whether he had in fact abandoned the property, it becomes necessary to ascertain his intentions with reference to the act of abandonment. If L. H. Posey intended to abandon the property as a homestead, then he abandoned it. If he did not intend to abandon it, he did not abandon it.

There was no testimony introduced by the defendants in error on this subject. All the testimony on this subject was introduced by the plaintiffs in error. They introduced the deed of L. H. Posey conveying to Mary Viola Posey the right to use the property, and to appropriate all rents and revenues therefor during the term of her natural life, but no further, and the preamble to this deed indicates why it was made. This preamble is as follows: "Whereas, L. H. Posey and his wife, Mary Viola Posey are permanently separated and divorce proceeding is now pending between them in the District Court of Milam County, Texas, And Whereas the homestead rights of Mary Viola Posey could be adjudicated in said proceeding, but said parties prefer to adjudicate them themselves, since, L. H. Posey wishes his wife's interest in said homestead property which is community property to be fully protected." Then follows the language conveying the life estate. The date of this instrument is December 8, 1926. On January 17, 1929, L. H. Posey executed another instrument which is decreed to be in compliance with the agreement between himself and his wife at the time of their divorce, and therefore in settlement of all claims by the wife upon the husband for a contribution in supporting the minor children of the parties. This instrument of L. H. Posey conveys to Mary Viola Posey the property involved in fee simple. The divorce was granted on the 31st day of December, 1926. L. H. Posey testified, among other things, as follows:

"Prior to the divorce I had deeded a life estate in my one-half of said property to Mrs. Posey, and up to that time I had never abandoned my homestead in said property. At the time this deed was made the youngest boy was a minor. * * * I made this deed so that the minor children would have a home and deeded it to Mrs. Posey for lifetime so it could be saved and could not be sold while they were minors and in case anything happened to her I could come back home and raise my children until they got grown and self supporting. * * * I did not have any intention at any time of giving up my homestead rights in this place. I have not acquired a homestead any other place nor any real property anywhere else. * * * I have never disputed my legal and moral obligation to help pay the expenses of supporting and maintaining the children, and Mr. Wallace, in his letter, proposed a method of settlement and stated that Mrs. Posey was in financial straits, and that I was obligated morally and financially to help her, and that

I could deed her my interest in the place as payment, which was gladly accepted, there being nothing else to give. * * * I was trying to protect my home for my children, and if anything happened I could come back to them at that home and take care of the children. * * * I was interested at that time in establishing a home for the minor children. * * * I deeded the place like I did so as to have 'a home for my children,' and I wanted their mother to live in the home with the children. I did not do it so that I could live in it myself unless something should happen to her, then I would have the home for myself and the children, and I intended at the time I executed the deed to come back if Mrs. Posey died. * * * I paid $3,000.00 for the property at the time I bought it, and it had one small cottage on it; $3,000.00 being the total consideration. I had intended to execute the first deed to Mrs. Posey to occupy it as my homestead in the event of her death and that with reference to the following provision in said deed:

" 'That whereas, the homestead rights of Mary V. Posey could be adjudicated in said proceeding, but said parties prefer to adjudicate them themselves since L. H. Posey wants his wife's homestead interest in said property, which is community, to be fully protected.' I did not draw the deed, but I signed it as my deed to her. * '* * What I wanted to do, I wanted the property to be so it could not be sold, and it would be a home to my children."

We think this testimony is sufficient to show that the property involved has been dedicated as the homestead of L. H. Posey, and that it continued to be such homestead after the instrument, dated December 8, 1926.

In the case of Speer & Goodnight y. Sykes, 102 Tex. 451, 119 S. W. 86, 132 Am. St. Rep. 896, it is in effect held that, "though a man be divorced from his wife and she entrusted, by the decree with the custody of the children and possession of the home, his status as the head of the family is not lost nor his obligations to his children terminated, and his right to a homestead remains." In that case the wife obtained the decree of divorce against her husband, awarding her custody of their minor children, title to one-half the homestead, which was community property, and possession of the entire homestead, with a judgment for damages against him for an assault committed on her. Under this decree she was placed in possession of the homestead, and under the judgment for damages the husband's interest therein was sold and bought by her. He retained and supported the children, she making no effort to obtain their custody; and with them, on her selling the entire homestead to third parties, he moved upon it, claiming one-half of his homestead. It was held "that his homestead rights were not terminated by the decree of divorce, nor by the order permitting

her to occupy it with the children, which merely suspended them, nor by the sale of his interest under execution; and that when she sold it and abandoned possession, he had a right to resume occupancy of his half thereof, with the children."

There being no testimony contradicting the testimony of L. H. Posey, as to the fact that he had never intended to abandon his homestead rights in the property, and explaining his deed to his wife, dated December 8, 1926, and the trial court having found this testimony to be true, and its sufficiency, except as a matter of law, not being assailed or called in question by the Court of Civil Appeals, the latter court had no authority nor legal right to set aside this finding of fact by the trial court. Marshburn v. Stewart, 113 Tex. 518, 254 S. W. 942, 260 S. W. 565; Tweed v. Western Union Tel. Co., 107 Tex. 247, 166 S. W. 696, 177 S. W. 957; Beck v. Texas Company, 105 Tex. 303, 148 S. W. 295; Tunnell et ux. v. Reeves et ux. (Tex. Com. App.) 35 S.W.(2d) 707.

■ As we understand the Court of Civil Appeals, it did not intend to set aside this finding of fact by the trial court, but merely held that the testimony, as a whole, demonstrated as a matter of law that L. H. Posey had abandoned his homestead rights in the property, and that the only interest he had in the property was that of a remainderman, after the death of his wife, with no right of possession of the property, except by virtue of his interest in the remainder. Accepting this proposition as a correct one, the liens of the defendant in error were necessarily attached because the homestead character of L. H. Posey in the property has ceased to exist. We are of the opinion the deed of December 8, 1926, in connection with the testimony of L. H. Posey, conclusively establishes the fact, which the trial court found to be a fact, that L. H. Posey had never intended to abandon his homestead rights in the property, and that said homestead rights remained, notwithstanding the execution of the deed of December 8, 1926, which had only the legal effect to give to the wife what the court in the divorce suit would have had the right to have given her, and under the authority of Speer & Goodnight v. Sykes, supra, such a judgment did not have the effect to deprive the husband of his homestead rights. We are also of the opinion that the deed of December 8, 1926, was not the voluntary act of L. H. Posey, but that it was coerced by the influence of the knowledge of the fact that the court could and probably would give to the wife the use of the entire property during her lifetime.

■ We think a proper construction of article 16, § 50, of the Constitution protects from forced sale the homestead for the payment of all debts, except the purchase money thereof, or a part of the purchase money, the taxes due thereon, or for work and material used in

constructing improvements thereon, and that no mortgage, trust deed, or other lien on the homestead shall ever be valid except for the purchase money therefor, and improvements made thereon. The policy of the law even goes further in the protection of the family by providing in article 16, § 52, among other things, that even after the death of the husband and wife, the guardian of the minor children of the deceased father and mother may be permitted, by the order of the court having jurisdiction, to use and occupy the homestead. We are unwilling to disrupt this policy of the state, as exemplified in its Constitution and laws, by giving our sanction to that portion of the opinion of the Court of Civil Appeals which holds that, as a matter of law, the record in this case shows that L. H. Posey had abandoned his homestead rights in the property involved.

We think the judgment of the trial court was in accordance with the law, and the facts as to the matter discussed, and we recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.