**Ex parte Ben SMILEY, Relator.**

**No. 04–81–00414–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 18, 1981.

Gerald R. Zwernemann, Alice, for appellant.

Sam Burris, Alice, for appellee.

Before KLINGEMAN, CANTU and BASKIN, JJ.

OPINION

KLINGEMAN, Justice.

Relator, Ben Smiley, brought this original habeas corpus proceeding after being adjudged in contempt by the district court of Jim Wells County for failing to obey that part of a divorce decree ordering him to pay his former spouse a part of his military non-disability retirement pay. Relator contends that he is being illegally confined and restrained of his liberty by virtue of a judgment of contempt and commitment order dated November 12, 1981, which is void. We agree and grant the writ.

Relator and his former spouse, Evelyn B. Smiley, were divorced on November 7, 1980. The property division contained in the divorce decree is based on an agreement between the parties, but the only portion of such property division here involved is the

provision pertaining to military retirement benefits.

Relator's contention that the order of his confinement is void is based on two premises: (1) that under the Supreme Court's decision in *McCarty v. McCarty,* —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), he cannot be held in contempt for failing to comply with the judgment in question; (2) that the order holding him in contempt and illegally confining him is so vague, indefinite and ambiguous that it is unenforceable.

We base our holding herein on the second contention and do not reach the first contention pertaining to military retirement pay. The pertinent part of the judgment dated November 12, 1981, which finds relator guilty of contempt of court reads as follows:

> "It is therefore Ordered, Adjudged and Decreed by the Court that the said Ben Smiley be and he is hereby held guilty of contempt of court by reason of his failure and refusal to pay such monthly military retirement benefits to Evelyn B. Smiley in defiance of the terms of the decree hereinabove referred to and his punishment for such contempt is hereby fixed by assessing *a fine of $2,042.00* which is the amount of the monthly military retirement benefit checks he is in arrearage and commit him to the county jail of Jim Wells County, Texas, for and until such *fine* and *arrearage* are paid in full." [Emphasis added.]

■ We regard such order void and unenforceable for the following reasons: (1) the trial court assessed a fine of $2,042.00 as punishment. The maximum fine which can be assessed is a fine of not more than $500.00. Article 19.11(a), § 2(a);[1] (2) the court apparently confuses the punishment provisions of a contempt order and the coercive provisions. Most orders of this nature find the amount of arrearage (a definite sum) and order the contemptor fined for an amount not to exceed $500.00 and confinement in the county jail for not more than six months, or both, then providing that he shall remain in jail thereafter until he has purged himself of contempt by payment of such sum and court costs. The court here blends the two together, that is, he assesses a fine of $2,042.00, which is recited to be the amount of the military retirement benefits which relator is in arrearage. A fine is payable to the State of Texas and is the property of the State of Texas while an arrearage would belong to the ex-spouse here. Relator is ordered committed to the county jail of Jim Wells County, Texas, for and until such fine and arrearage are paid in full. The order makes no distinction between fines and arrearage and does not provide to whom it is to be paid; (3) the divorce decree awards Evelyn B. Smiley "All of the military retirement benefits monthly check accrued in the name of Benjamen Smiley." The same provision is contained in the settlement agreement between the parties. These words, are indefinite, confusing and ambiguous and subject to different constructions. One possible construction is that relator could comply with the order by paying or turning over one check. The word accrued is also susceptible to several interpretations. It logically could refer to checks already accrued and not those thereafter accruing.

Neither the order of contempt, the divorce decree, nor the settlement agreement provide for any affirmative action on the part of relator.

The order of contempt does not order relator to pay any specific person, either Evelyn Smith or the registry of the court any specific amount of money or provide for any specific date of payment.

Relator is found in contempt for willfully disobeying the provisions of the divorce decree providing that he pay his former spouse a part of his military non-disability retirement pay. Resort to the divorce decree is of no particular benefit in determining the duties and obligations imposed upon relator with regard to such payment. As

---

1. Section 2(a). Every court other than a justice court or municipal court may punish by a fine of not more than $500.00, or by confinement in the county jail for not more than six months, or both, any person guilty of contempt of the court.

hereinbefore discussed the provision in the divorce decree as to such payment is indefinite and subject to a number of constructions. The language is equivocal and does not spell out the details of compliance in clear, specific and unambiguous terms.

It is an accepted rule of law that for a person to be held in contempt for disobeying a court order, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967).

Where the court seeks to punish either by fine, arrest, or imprisonment for the disobedience of an order or command, such order or command must carry with it no uncertainty, and must not be susceptible of different meanings or constructions, but must be in the form of a command, and when tested by itself, must speak definitely the meaning and purpose of the court in ordering. *Ex parte Duncan*, 42 Tex.Cr. 661, 62 S.W. 758 (1901).

For the reasons hereinbefore set forth we have concluded that the judgment or contempt and commitment order is void and unenforceable. The writ of habeas corpus is granted and the relator is ordered discharged from custody.