Roy T. RIMMER, Jr. and Nancy N. Rimmer, Appellants,

v.

Susan McKINNEY, Appellee.

No. 2-82-086-CV.

Court of Appeals of Texas, Fort Worth.

March 31, 1983.

Rehearing Denied April 28, 1983.

Brown, Herman, Scott, Dean & Miles and Larry E. Cotten, Fort Worth, for appellants.

Law Office of Kenneth P. Gudgen and Kenneth P. Gudgen, Fort Worth, for appellee.

Before HUGHES, JORDAN and ASHWORTH, JJ.

## OPINION

ASHWORTH, Justice.

Appellee, Susan McKinney, filed suit for declaratory judgment against appellants, Roy T. Rimmer, Jr. and Nancy Rimmer, and others, seeking judgment that the property occupied by appellee as a residence was free from a judgment lien in favor of appellants. Summary judgment was granted for appellee and appellants bring this appeal.

We affirm.

The following summary judgment evidence was before the trial court. Appellee and Ed W. McKinney were married on July 1, 1961. On October 29, 1974, they purchased the real property situated at 3120 Westcliff Road West, Fort Worth, Tarrant County, Texas, moved into such property with their two daughters, and continued to occupy such property as their home. Citizens National Bank of Ennis, Texas, was granted a judgment against Ed W. McKinney on October 26, 1979. This judgment was assigned to Roy T. Rimmer, Jr. on November 8, 1979. The judgment was filed in the Abstract of Judgment Records of Tarrant County, Texas on January 3, 1980. Appellee filed suit for divorce from Ed W. McKinney on March 3, 1980. On about March 19, 1980, Ed W. McKinney moved out of the property, and it continued to be occupied by appellee and the two daughters. On May 19, 1980, a divorce judgment was rendered which awarded the property in question to appellee as her separate property and estate subject to a lien in favor of Ed W. McKinney in the amount of $30,-000.00. The divorce judgment imposed the payment of various debts and judgments against Ed W. McKinney and provided that upon the sale of the house that such debts and judgments which were still unpaid and not barred by limitations would be paid out of the $30,000.00 lien in his favor; then the remaining proceeds of such lien would be used to pay college education expenses of the two daughters, and any balance would be paid to Ed W. McKinney. The divorce judgment further provided the $30,000.00 lien would be extinguished and released if Ed W. McKinney went into bankruptcy.

The property was deeded to appellee by Ed W. McKinney on May 18, 1980, and filed for record on June 9, 1980. On June 25, 1980, the Sheriff of Tarrant County, under a writ of execution, seized whatever right Ed W. McKinney had in the property, and the same was sold and conveyed on August

5, 1980, to Roy T. Rimmer, Jr. by Sheriff's Deed, which was filed for record on August 27, 1980. Roy T. Rimmer, Jr. assigned his interest in the property to Nancy N. Rimmer on September 23, 1980; the assignment was filed for record on October 1, 1980.

Appellee filed this suit against appellant and other judgment creditors seeking declaratory judgment that the property in question constituted her homestead and was therefore free from judgment liens. Appellant counterclaimed alleging that Ed W. McKinney abandoned his homestead and that the judgment lien attached to his interest, that his deed to appellee was a fraud against creditors, that appellant was a co-tenant as a result of the Sheriff's Deed, and alternatively that appellant became owner of an unencumbered $30,000.00 lien created in the divorce decree.

Summary judgment was rendered in favor of appellee against all defendants, then all defendants except appellant were non-suited. An evidentiary hearing was held as to attorney fees which were awarded to appellee; appellants' counterclaim asserting ownership of the $30,000.00 lien was severed into another cause.

Appellant's first point of error asserts the trial court erred in granting summary judgment.

The gist of appellants' contentions is that Ed W. McKinney abandoned his homestead rights in his one-half undivided interest in the property when he moved from the same after the divorce action was filed, and thereafter deeded his one-half interest to appellee.

The summary judgment evidence before the trial court established the homestead character of the property. The property was purchased on October 29, 1974; the family moved in and used it as their home at all times. Ed W. McKinney moved out about March 19, 1980 after the divorce action was filed, but appellee and the two daughters continued to reside on the property. In *Sakowitz Bros. v. McCord,* 162 S.W.2d 437 (Tex.Civ.App.—Galveston 1942, no writ), a trespass to try title suit was brought by McCord to free the property in question from clouds to his title cast by judgment creditors of the previous owners, Cecil C. King and wife, Jewel M. King. The property in question had been the homestead of King and wife and their two minor daughters. In 1939, Sakowitz Bros. and Ralph Rupley each took judgment against the Kings. In August, 1938, King was enjoined from going on the property by court order in a divorce action, and Mrs. King and the children continued to reside in the property. On July 27, 1940, King and wife conveyed the property to Mrs. King's father, A.H. McCord. The court found that the conveyance to McCord was a bona fide sale for a good and valuable consideration.

It was contended that the divorce action, and injunction against King constituted an abandonment by him of his homestead interest in his one-half undivided ownership and that McCord took title to King's interest subject to the community debts. This contention was rejected by the holding that once the homestead character of the property is established, it continues as such when there has been a divorce and constituent members of the family, including minor children, continue to occupy the property.

In the case at hand, Ed W. McKinney was not enjoined from coming on the property, but his unchallenged affidavit states that as an attorney he knew he could be forced to move, and to minimize further strain on the relationships, he moved out pending final disposition of the divorce suit. Another difference in the instant case is the fact that Ed W. McKinney's interest was deeded to his wife, while in *Sakowitz, supra,* the married couple deeded the property. We hold that these two differences do not change the application of the *Sakowitz, supra,* holding to the instant case. In *Posey v. Commercial Nat. Bank,* 55 S.W.2d 515 (Tex.Comm'n App.1932, judgmt adopted), prior to their divorce, the husband deeded a life estate in his one-half interest to the wife; it was held that such conveyance was not an abandonment of the husband's homestead thereby subjecting his remainder interest to his debts.

Appellants' second point of error is that the declaratory judgment act did not provide for attorney's fees at the time

**368**

plaintiff's cause of action arose. Tex.Rev. Civ.Stat.Ann. art. 2524–1 (1982) was amended, effective May 25, 1981, to provide "In any proceeding under this Act the Court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable. and just." This suit was filed July 20, 1981, subsequent to the date of the amendment. We hold attorney's fees may be recovered by appellee.

■ Appellants' third point of error is that there is insufficient evidence to support the award of attorney's fees. An extensive hearing was held on the matter of attorney's fees, and the amounts awarded were considerably lower than would have been supported by the evidence at the hearing. Appellants point out that the matter of necessity for an attorney to represent appellee was not covered at the hearing. We hold as a matter of law, under the circumstances of this case, that it was necessary for appellee to employ an attorney. The former interest of her ex-husband in her homestead had improperly been levied on and sold; her title to the property was clouded and she was entitled to have it cleared.

The judgment of the trial court is affirmed. We note that the matter of whatever claim appellants have in the lien retained by Ed W. McKinney has been severed and awaits disposition.