Ben SMILEY, Appellant,

v.

Evelyn B. SMILEY, Appellee.

No. 04-82-00554-CV.

Court of Appeals of Texas,
San Antonio.

Oct. 3, 1984.

Clyde L. Wright, Jr., Alice, for appellant.

Sam H. Burris, Alice, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

Defendant, Ben Smiley, appeals from a judgment which, based upon pleadings filed by his former wife, Evelyn B. Smiley, construed the property settlement agreement executed by the parties in contemplation of divorce as requiring Ben to "pay the District Clerk of Jim Wells County, Texas, by him to be paid over to Evelyn B. Smiley each and every monthly Military Retirement benefit check Ben Smiley gets within 5 days from the date he receives same." The judgment also amended the divorce decree signed on November 7, 1980, by adding a paragraph requiring Ben to "pay" all retirement checks to such District Clerk within 5 days after Ben received them.

The property settlement agreement on which the portions of the divorce decree relating to property division was based provided that there should be set aside to Evelyn "All of the military retirement benefits monthly check accrued in the name of Benjamin Smiley." The 1980 divorce decree provided that Evelyn "is awarded ... 5. All of the military retirement benefits check accrued in the name of Benjamin Smiley."

After the divorce, Ben turned over the December, 1981, check to Evelyn, as well as the checks he received through June 1, 1981.[1] When he failed to turn over

---

1. The trial court, in an apparent effort to base his actions on Evelyn's allegations of fraud in support of her petition for bill of review, found that Evelyn "was prevented from asserting her legal rights to require [Ben] to pay the benefits to the District Clerk's office of Jim Wells County, Texas each month by the false and fraudulent conduct and statements of" Ben. There is no evidence to support this finding, since there is no evidence even tending to indicate that, at the time he gave assurances that he would perform his agreement, did not intend to do so. The same is true of the "conclusion of law" that Ben "deceived this Court, [Evelyn] and her lawyer by his false and fraudulent statements and paid the military retirement benefits checks to plaintiff until the time expired for her to file a Motion for New Trial or appeal the judgment."

any checks after June 1, 1981 he was held in contempt of court. This Court ordered him discharged from custody because the terms of the divorce decree concerning the retirement benefits were vague and ambiguous and because the divorce decree did not order him to perform any affirmative act. *Ex parte Smiley*, 626 S.W.2d 817 (Tex.App.—San Antonio 1981, no writ).

Subsequently, Evelyn initiated the proceedings which resulted in the judgment of which Ben now complains. The pleadings sought a declaratory judgment and an equitable bill of review. The object of the declaratory judgment action was to have the property settlement agreement "construed and made definite" to reflect that Ben was to "pay" to the District Clerk each monthly retirement benefits check within 5 days after Ben received it.

Paragraph VII of Evelyn's pleadings alleged: (1) "Under the equitable Bill of Review, because of fraud, accident or mistake, Petitioner prays that the divorce judgment be amended to read 'It is further ordered that Ben Smiley pay to the District Clerk of Jim Wells County, Texas by him to be paid paid [sic] over to Evelyn B. Smiley, each and every monthly retirement check within 5 days from the date Ben Smiley receives the same' ..."; and (2) Evelyn had "a meritorious defense to the Cause of Action of Ben Smiley in regards to when and where the military retirement benefits were to be paid," and that she was prevented from "setting them out in the property settlement agreement and in the decree of divorce by the fraud, accident or wrongful act of Ben Smiley and that it was not through any fault or negligence of hers."

Nothing in the language of the property settlement agreement indicates that it was the intention of the parties that Ben "pay" the retirement checks to the district clerk. The evidence heard by the trial court conclusively establishes that it was not their intention that Ben pay the checks to the district clerk. It is fundamental that the function of the court in interpreting or construing instruments, including contracts, is to determine the intent of the parties from the language of the instrument and the surrounding circumstances. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517 (Tex. 1980); *Brown v. Payne*, 142 Tex. 102, 176 S.W.2d 306 (1943). The action of the court in "construing" the agreement as requiring that Ben pay the checks to the district clerk cannot be justified.

The "amendment" of the divorce decree to require payment of the checks to the district clerk cannot stand.

The trial court lost authority to modify the divorce decree of November, 1980, except as provided in Rule 329b, TEX.R.CIV.P. The rules permitting modification of the child support and custody provisions of a divorce decree are not applicable here. The "amendment" of the 1980 decree was not a "clarification" of the 1980 decree insofar as it ordered Ben to pay the checks to the district clerk. "The order ... was, as a matter of law, more than a mere declaration consistent with the prior judgment. It affirmatively imposed an obligation to pay where no such obligation previously existed." The change was clearly a substantive change in the decree "and, therefore could not be made after the trial

---

The record establishes, and the trial court found, that Ben carried out all of his promises for seven months after the judgment was signed. There is no evidence of a sinister scheme by Ben to lull Evelyn into a false sense of security in order to insure that she would allow the time for filing a motion for new trial or perfecting an appeal to elapse. Had that been his intention, he could have accomplished his purpose by performing his agreement the first month, since the time for filing a motion for new trial or perfecting an appeal would have expired before any further performance was due.

A much more likely explanation is suggested by the allegations in Evelyn's alternative plea that Ben lived up to all of his agreements "until he was mistakenly advised that he no longer had to pay to [Evelyn] his monthly military retirement benefits ..." No problems arose between the parties until July, 1981, after the decision, on June 26, 1981, by the United States Supreme Court in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), had created doubts concerning the effect of state court divorce decrees partitioning military retirement benefits.

court's judgment became final." TEX.R. CIV.P. 329b(g). *McGehee v. Epley*, 661 S.W.2d 924, 925–26 (Tex.1983).

In the habeas corpus proceeding, this Court held that the divorce decree was ambiguous because the provision awarding to Evelyn all of the "military retirement benefits check accrued in the name of Benjamin Smiley" could be construed as referring only to one check, the checks already "accrued" and not those thereafter accruing, or to all future checks. *Ex parte Smiley, supra* 626 S.W.2d at 818.

The record establishes that, prior to the divorce, the parties entered into a "supplemental agreement" making it clear "that all of the military retirement benefits of Benjamin Smiley were set aside and awarded to Evelyn B. Smiley as long as she lived and when she died they were to revert to Benjamin Smiley." It is clear that the parties contemplated an award to Evelyn of all retirement benefits received by Ben as long as Evelyn lived.

We believe Evelyn's pleadings are sufficient to encompass an amendment truly clarifying the provision of the divorce decree concerning her entitlement to retirement benefits. An amendment of the original divorce decree to make it clear that she was awarded all military benefits received by Ben during her lifetime would constitute a true "clarification" of the language of the decree which this Court had held to be ambiguous.

The judgment of the trial court is reversed and judgment is here rendered amending the November 7, 1980, divorce decree by striking therefrom the language awarding Evelyn B. Smiley "All of the military retirement benefits monthly check accrued in the name of Benjamin Smiley," and substituting therefor and award to Evelyn B. Smiley "all of the military retirement benefits received by Benjamin Smiley during the lifetime of Evelyn B. Smiley." All other relief prayed for by Evelyn B. Smiley is denied.