**Sybil H. MacMILLAN, Appellant,**

v.

**William D. MacMILLAN, IV, Appellee.**

**No. 04–86–00638–CV.**

Court of Appeals of Texas,
San Antonio.

May 25, 1988.

Michael D. Bowles, Johnson & Bowles, San Antonio, for appellant.

John L. McClung, Thurmond & Thurman, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in a suit to enforce and clarify a prior decree of divorce dividing the community property of the parties. We affirm.

On March 27, 1981, prior to his retirement from the U.S. Army on May 1, 1981, appellee elected to participate in the Survivor's Benefit Plan (SBP) permitted by then existing federal law providing, in the event of appellee's death after retirement, a monthly income to appellant, calculated at appellee's reduced salary of $300.00 per month. The cost of this coverage to appellee was $8.15 per month which was deducted from appellee's retired pay upon his retirement commencing May 1, 1981.

On March 1, 1983, the parties were divorced and the decree of divorce provided, in part, as follows:

> IT IS AGREED BY THE PARTIES AND DECREED BY THE COURT that the division herein of Petitioner's [appellee] military retirement benefits is a division of community property and shall not terminate upon the remarriage of Respondent [appellant]. Further, Petitioner shall maintain in force the Survivor's

Benefit Plan (SBP) now in effect for the benefit of Respondent...."

At the time of the divorce of the parties federal law prohibited SBP coverage to continue for an ex-spouse. Federal law did however provide for an alternative voluntary form of coverage for a former spouse, known as "insurable interest" type at a cost to the retired service member of $361.81 per month and with a monthly benefit of $1,790.95 to the former spouse upon the death of the retired service member.[1] Appellant sought to have appellee elect the "insurable interest" type of coverage after their divorce, but appellee refused.

In 1984, the federal law regarding SBP was amended to permit a former spouse to apply directly to the branch of service from which the former service person had retired for SBP coverage. This procedure was known as "deemed former spouse election" and in order to maintain coverage the ex-spouse had to present a copy of a decree of divorce or other written agreement signed by the parties acknowledging an agreement to continue SBP coverage.[2] Appellant presented the decree of divorce in question to the U.S. Army in accordance with the provisions of the new "deemed former spouse" amendment, and on August 14, 1985, appellee was notified that a deemed spouse election was established for appellant by the Secretary of the Army and appellant became eligible for a monthly SBP benefit of $1,853.20 upon appellee's death, the cost of which coverage was involuntarily deducted from appellee's monthly retirement pay at the rate of $374.40 per month; the coverage and its costs were made retroactive to the date of the divorce of the parties, i.e., October 1, 1983. The net effect of this was to give appellant a death benefit under SBP that had terminated at the time the parties were divorced, and a death benefit to appellant and a cost to appellee, greater than those under the SBP at the time of divorce.

In 1985, the federal law on SBP's changed once more.[3] The 1985 law allowed a former spouse to receive SBP coverage in the same varying amounts at the same costs as a current spouse. Appellee demanded that appellant consent to a reduced SBP coverage equal to the amount in effect before the divorce of the parties. Appellant refused, and appellee filed a motion for the enforcement and clarification of the decree of divorce.

In its order, the subject of this appeal, the trial court interpreted and construed the particular provision in question "to provide that ... (appellee) ... contracted to continue, and ordered by the court to continue for the benefit of ... (appellant) ... the SBP coverage that was in effect immediately prior to the divorce...." Further, the court ordered:

... that the referenced divorce decree shall not be construed under any circumstances to constitute an agreement or order requiring [appellee] to either elect or be required to pay for any SBP coverage greater than the minimum coverage originally elected, ...

... that [appellant] and [appellee] shall execute any and all instruments, and do any and all other acts necessary to cause the deemed spouse election heretofore made by the Army upon the request and action of [appellant], to be wholly revoked, inasmuch as such election created SBP coverage substantially in excess of that coverage contracted for and ordered by the court in the divorce decree ...

... that [appellant] and [appellee] shall execute any and all instruments, and do any and all other acts necessary to cause the minimum SBP coverage (spousal-type) which was elected for [appellant] by [appellee] on March 27, 1981, to be reinstated and continued for the benefit of [appellant]; provided such coverage is available upon the election and/or action of one or both of the parties.

Appellant raises two points of error:

1. 10 U.S.C. §§ 1447–1455 (amended 1984, 1985).

2. Act of Oct. 19, 1984, Pub.L. No. 98–525, 1984 U.S. Code Cong. & Admin. News (98 Stat.) 2492.

3. Act of Nov. 8, 1985, Pub.L. No. 99–145, 1985 U.S. Code Cong. & Admin. News (99 Stat.) 583.

*Point of Error No. 1*

The trial court erred in clarifying an unambiguous decree of divorce.

*Point of Error No. 2*

The trial court erred in reforming the decree of divorce so that the United States Army would have no choice but to favor appellee.

We will address appellant's points of error together.

Appellant appears to urge in her brief that the action of the trial court constituted a "rewriting of a contract", or the entry of a "substantially new order" and that because the decree of divorce was unambiguous, the army's interpretation of it should not have been set aside by the order entered in his case. We overrule appellant's points of error.

■ There is no dispute that the language of the decree of divorce is unambiguous. Accordingly, the court was correct in construing it as a matter of law. *See Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983). It is further undisputed that the decree of divorce was an agreed one. Accordingly, the law of contracts governs. *See Miller v. Miller* 721 S.W.2d 842, 844 (Tex.1986). The function of a court in interpreting or construing instruments, including contracts, is to determine the intent of the parties from the language of the instrument and the surrounding circumstances. *R & P Enterprises v. LaGuarta, Gavrel and Kirk, Inc.,* 596 S.W.2d 517 (Tex.1980); *Smiley v. Smiley,* 679 S.W.2d 170, 172 (Tex.App.—San Antonio 1984, no writ). The action of the court in "construing" the decree of divorce that it was the intention of the parties to provide SBP coverage for the benefit of appellant in the amount that was in effect immediately prior to the divorce and not for SBP coverage greater than the amount originally elected is justified. The court correctly based its limitation of the amount of SBP coverage on the language in the decree which states that appellee was to receive SBP benefits plan "now in effect."

Section 3.71 of the Family Code provides, in pertinent part, as follows:

Except as provided in this subchapter and by the Texas Rules of Civil Procedure, a court may not amend, modify, alter or change the division of property made or approved in the decree of divorce or annulment. *Further orders may be entered to enforce the division, but these orders shall be limited to orders in aid of or in clarification of the prior order.* The court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed. An order of enforcement does not alter or affect the finality of the divorce or annulment being enforced." (Emphasis ours).

Under the provisions of Section 3.71 the trial court had no authority to modify the terms of the agreed divorce in the instant case but it did have authority to issue orders necessary to implement the decree, including requiring appellant to do "any and all acts necessary to cause the deemed spouse election heretofore made by the Army upon the request and action of [appellant] to be wholly revoked . . ." and that appellant "execute any and all instruments, and do any and all acts necessary to cause the minimum SBP coverage . . ." in effect March 27, 1981, to be reinstated and continued. Such order did not amend, modify, alter, or change the provisions of the prior decree of divorce.

■ Finally, we hold that Texas Courts are not required to yield to the Army's interpretation of Texas decrees of divorce.

The judgment is affirmed.