John Thomas LAWRENCE,
Jr., Appellant,

v.

Irene LAWRENCE, Appellee.

No. 06–95–00037–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 17, 1995.

Decided Oct. 12, 1995.

Rehearing Overruled Nov. 7, 1995.

Dennis M. McKinney, Longview, for appellant.

W.F. Palmer, Palmer Law Firm, Marshall, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

The trial court rendered summary judgment for Irene Lawrence in her declaratory judgment suit seeking to establish a valid lien on property owned by John Thomas Lawrence, Jr., here called Lawrence Jr. At the summary judgment hearing, Lawrence Jr. raised the affirmative defense of homestead. He appeals, arguing the court erred in granting the summary judgment. We affirm.

Irene Lawrence and John Thomas Lawrence, Sr., the appellant's father, were divorced June 3, 1988. The decree awarded Lawrence Sr. ten acres of land as his separate property, and awarded Irene Lawrence a $50,000.00 judgment against Lawrence Sr. The court, although finding that the land was Lawrence Sr.'s separate property, granted Irene Lawrence the "exclusive use, benefit, enjoyment and right of occupancy of the 10 acre tract," during her life for the purpose of restoring Irene Lawrence "to her prior homestead, and as a result of Respondent's wrongful acts which substantially contributed to the dissolution of the marriage." The same day the divorce decree was signed, Irene Lawrence filed a judgment lien against the property. On June 22, 1988, Lawrence Sr. conveyed to his son, Lawrence Jr., certain land, including the ten acres. Irene Lawrence later filed suit against Lawrence Jr. asking for a declaration that her judgment lien attached to the land.

Irene Lawrence filed a motion for partial summary judgment. In her summary judgment proof she included copies of the divorce decree awarding the judgment against Lawrence Sr., the record of the abstract of judgment perfecting the lien against Lawrence Sr.'s real property in Harrison County, and the conveyance of the ten acres to Lawrence Jr. The motion anticipated Lawrence Jr.'s response by arguing that the ten acres were not Lawrence Sr.'s homestead, to which Lawrence Jr. was now the successor in interest.

■ Lawrence Jr. filed a response to the motion and asserted that the ten acres had been Lawrence Sr.'s homestead and that he, Lawrence Jr., was the successor in interest. He supported his response with an affidavit in which Lawrence Sr. said he lived on the ten acres and claimed it as his homestead before the divorce and claimed no other property as his homestead since the divorce until the conveyance to his son. Lawrence

Jr. in his response also argued that the summary judgment was premature because Lawrence Sr. was collaterally attacking the validity of the divorce decree awarding the life estate to Irene Lawrence.[1] He further argued that no controversy existed as to the perfection of Irene Lawrence's lien so she was not entitled to a declaratory judgment and that she had not sought recourse through the Probate Code requiring Lawrence Sr. to designate his homestead.

After a hearing, the trial court granted the motion for partial summary judgment. The court's decision dealt only with the grounds advanced by Irene Lawrence and Lawrence Jr.'s failure to prove his affirmative defense of homestead exemption. The court did not address Lawrence Jr.'s other defenses.

■ On appeal, Lawrence Jr. contends that summary judgment was improper because a material fact issue exists as to his cause of action. His brief deals only with the homestead affirmative defense. He does not argue his other defenses on appeal, so they are waived. Tex.R.App.P. 74(f); *Lewis v. Texas Utils. Elec. Co.*, 825 S.W.2d 722, 726 (Tex.App.—Dallas 1992, writ denied).

■ Irene Lawrence, moving for summary judgment, had the burden to show that no genuine issue of material fact existed and that she was entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precludes summary judgment, a reviewing court takes as true all evidence favorable to the nonmovant and indulges all reasonable inferences and resolves all doubts in the nonmovant's favor. Tex.R.Civ.P. 166a; *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

■ A plaintiff moving for summary judgment in an action where the defendant has pleaded an affirmative defense, is entitled to judgment if she demonstrates by summary judgment evidence that no material fact issue exists on the elements of her claim and she is entitled to judgment as a matter of law, unless her opponent comes forward with a showing that such a fact issue exists on the affirmative defense. *Gulf, Colorado & Santa Fe Ry. Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1958).

■ A single adult's homestead is protected from forced sale for the payment of a debt unless the debt is for homestead purchase money, for work and materials used to build improvements on homestead property, or for unpaid taxes. Tex. Const. art. XVI, § 50; Tex.Prop.Code Ann. § 41.002 (Vernon Supp.1995); *Laster v. First Huntsville Properties Co.*, 826 S.W.2d 125, 130 (Tex.1991). The homestead protection can arise only in one who has a present possessory interest in the subject property. *Laster v. First Huntsville Properties Co., supra.* One who holds only a future interest with no present right to possession is not entitled to homestead protection in that property. *Id.*

■ Lawrence Jr. claims his homestead interest as successor in interest from his father. As a subsequent purchaser of homestead property, Lawrence Jr. may assert his father's homestead protection against a prior lienholder so long as there is no gap between the time of homestead alienation and Lawrence Jr.'s recordation of his title. *Intertex, Inc. v. Kneisley*, 837 S.W.2d 136, 138 (Tex.

---

1. Lawrence Sr. has collaterally attacked the divorce decree, No. 06–95–00048–CV in this court, on grounds that the trial court improperly awarded Irene Lawrence a life estate rather than a homestead interest, thereby divesting him of his fee interest in his separate property. *LeBlanc v. LeBlanc*, 761 S.W.2d 450, 452–52 (Tex.App.—Corpus Christi 1988), *writ denied per curiam*, 778 S.W.2d 865 (Tex.1989). Lawrence Sr. failed to appeal the June 3, 1988 divorce, however, and filed a bill of review with the trial court on February 24, 1995. The trial court granted Irene Lawrence's summary judgment motion with respect to the bill of review, and Lawrence Sr. appealed. A collateral attack on a judgment is entitled to prevail only if the judgment is void. *Ex parte Coffee*, 160 Tex. 224, 328 S.W.2d 283, 286 (1959). A judgment based on erroneous holdings of substantive law is not void. *Stinson v. Stinson*, 668 S.W.2d 840, 841 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The trial court's awarding of a husband's separate property to his wife, if erroneous, does not render the judgment void. *See id.* Any error is one of substantive law to be remedied by appeal. *Id.* Even if the trial court erred by awarding Irene Lawrence a life estate rather than a homestead interest, the decree is not void and Lawrence Sr. waived any complaint by not appealing.

App.—Houston [14th Dist.] 1992, writ denied) (citing *Posey v. Commercial Nat'l Bank,* 55 S.W.2d 515, 517 (Tex.Comm'n App. 1932, judgm't adopted)).

■ Lawrence Jr. argues primarily that property may lose its homestead character only through death, abandonment, or alienation, *Posey v. Commercial Nat'l Bank, supra,* and that none of those applies here. He also contends, citing *Speer & Goodnight v. Sykes,* 102 Tex. 451, 119 S.W. 86, 88 (1909), and *Posey v. Commercial Nat'l Bank, supra,* that although the court awarded a life estate in the ten-acre tract to Irene Lawrence, the life estate did not divest Lawrence Sr. of his homestead right because the termination of his possessory right in the homestead was by court order, not voluntary abandonment. He points out that in both the cited cases the nonpossessory party retained a homestead interest even without a right of possession.

In *Speer & Goodnight v. Sykes, supra,* Mrs. Sykes was granted a divorce, custody of the children, one-half the homestead where the children were then living, and the use and control of the other half during the children's lifetime. Mr. Sykes settled a short distance away with the children and continued to support the children. Mrs. Sykes never claimed custody of the children. The court subsequently awarded the whole tract to Mrs. Sykes, apparently as part of a settlement for an assault she suffered during the marriage. She soon sold it. Mr. Sykes then returned to the tract with his children, claiming half of it as homestead. The court ruled Mr. Sykes's removal by legal process did not divest him of his homestead rights, but only suspended his right of possession during the time Mrs. Sykes might have used it to support the minor children. He had a right to reoccupy the tract as a homestead when the ex-wife sold her interest.

In *Posey v. Commercial Nat'l Bank, supra,* another case involving minor children, Mr. Posey granted a life estate in their home to Mrs. Posey in anticipation of divorce. The court held that the deed was coerced in anticipation of court action, and thus was not voluntary abandonment of the homestead, so Mr. Posey's remainder could not be subject to his debts.

Not only *Speer & Goodnight v. Sykes, supra,* and *Posey v. Commercial Nat'l Bank, supra,* but also the cases of *Rimmer v. McKinney,* 649 S.W.2d 365 (Tex.App.—Fort Worth 1983, no writ), and *Sakowitz Bros. v. McCord,* 162 S.W.2d 437 (Tex.Civ.App.—Galveston 1942, no writ), expressly hold that a party's dispossession from his homestead by judicial act or threat of judicial action does not defeat his homestead right. These cases were decided before *Laster v. First Huntsville Properties Co., supra,* so we can only assume that the Supreme Court intended to change the law by its decision in *Laster.* Yet, the *Laster* opinions, both majority and dissenting, do not even cite any of the earlier cases, either to overrule them or to attempt to distinguish them. We can discern no fact that distinguishes *Laster* from *Posey* and *Speer,* except possibly the fact that in *Laster* the court decree ousting the homestead claimant was a consent decree. Nevertheless, because of the explicit and unambiguous language of the majority opinion in *Laster,* we conclude that one who holds only a future interest in property with no present right of possession cannot claim a homestead right in the property, regardless of how he was dispossessed.

■ Lawrence Jr. also argues that Irene Lawrence's judgment lien is not the type of lien a judgment creditor can execute against a homestead. *Exocet Inc. v. Cordes,* 815 S.W.2d 350, 352 (Tex.App.—Austin 1991, no writ). If, however, the ten-acre tract was not Lawrence Sr.'s homestead after the divorce, the property is nonexempt, and Irene Lawrence's judgment lien can be executed.

Lawrence Jr. also argues that *Thompson v. Thompson,* 149 Tex. 632, 236 S.W.2d 779, 785–86 (1951), demonstrates that the law does not always require a party claiming a homestead right to have right of immediate possession. The opinion in *Thompson* states that, while the law generally requires a present possessory interest for a homestead claim, it does not *always* require it. That case involved a widow's right to renounce her claims under her husband's will and claim oil royalties under the open mines doctrine. The court held that when the couple granted

a lease for the minerals under the couple's homestead, the couple did not sever the minerals from the surface estate and thereby deprive the widow of sufficient possessory interest to stand on her statutory rights to royalties from producing wells. The question involved present possession of the mineral estate. The widow had present possessory right to the surface, which neither Lawrence Sr. or the ex-husband in *Laster v. First Huntsville Properties Co., supra*, had at the pertinent time.

The apparent anomaly in *Laster v. First Huntsville Properties Co., supra*, might be explained by the 1973 amendment to the Texas Constitution, TEX. CONST. art. XVI, § 50 (1876, amended 1973), which allowed a single person to claim homestead protection. Before the enactment of that amendment and the state equal rights amendment, TEX. CONST. art. I, § 3a, a single person with no dependent presumably could not establish a homestead. *See Lane v. Phillips*, 69 Tex. 240, 6 S.W. 610 (1887); *Steves v. Smith*, 107 S.W. 141, 49 Tex.Civ.App. 126 (1908, writ ref'd). Also, absent fraud, the husband rather than the wife generally determined the family homestead's location. *Arlin Properties, Inc. v. Utz*, 465 S.W.2d 231, 233 (Tex. Civ.App.—Fort Worth 1971, no writ). The courts in *Speer & Goodnight v. Sykes, supra*, and *Posey v. Commercial Nat'l Bank, supra*, recognized that under existing law a father who continued to support his minor children after divorce had the right to designate a homestead for the children's protection.

Irene Lawrence suggests that the difference in holdings may be understood by comparing *Schulz v. L.E. Whitham & Co.*, 119 Tex. 211, 27 S.W.2d 1093, 1095 (1930), which cited *Speer & Goodnight v. Sykes, supra*, to *Laster v. First Huntsville Properties Co., supra*. The *Schulz* court held the ex-husband had the right to claim homestead protection for his family even though he no longer lived with the family on the property. Under the law at the time, the husband had the right to designate the homestead, and the property maintained that character so long as he discharged his moral and legal obligations to support his family.

Irene Lawrence also argues that Lawrence Sr., in his affidavit, does not even contend that he claimed the property as his homestead until he sold it to Lawrence Jr., but only claimed it up to the date of the divorce decree. On this basis, she posits that the summary judgment evidence does not show that Lawrence Sr. claimed the property as his homestead at the time of sale and so Lawrence Jr. would not be successor in interest to his homestead right. We will not construe the summary judgment affidavit that narrowly. Instead, we construe it as saying Lawrence Sr. claimed the land as his homestead until he could no longer legally claim it as such, i.e., at the date he was legally ousted from possession. *Speer & Goodnight v. Sykes, supra*, and *Posey v. Commercial Nat'l Bank, supra*.

Lawrence Sr. as of the date of the divorce had no present possessory interest in the tract, only a future interest. *Laster v. First Huntsville Properties Co., supra*, which apparently reflects the current law, requires a present possessory interest for a party to claim a homestead right. As a holder of a future interest only, Lawrence Sr. is not entitled to a homestead exemption on the property. *Id.* The trial court deprived Lawrence Sr. of any present possessory interest by granting a life estate in his separate property to Irene Lawrence. Without a present possessory interest, as a matter of law he could not assert a homestead claim, and Lawrence Jr. could not be successor to that claim. Lawrence Jr. fails to raise a genuine issue of material fact as to his affirmative defense of homestead. The court properly granted summary judgment. It is affirmed.