TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00532-CV





Clyde Tate, Appellant



v.



Virginia Lee Tate King, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 63,060-B, HONORABLE SUE LYKES, JUDGE PRESIDING 






PER CURIAM


 Appellant Clyde Tate challenges an August 7, 1996, trial court order clarifying a March
31, 1975, divorce decree. We will affirm the trial court order.


THE DISPUTE


 Clyde and Virginia married on November 3, 1956, and divorced on March 31, 1975,
eighteen years and eight months later. During the time they were married, Clyde served 220 months of
creditable service towards retirement in the United States Army. Clyde's retirement benefits did not vest
until he had served twenty years in the Army, twenty months after the parties' divorce was final. Clyde
retired in 1983 with twenty-six years of creditable service.

 The March 31, 1975, divorce decree awarded Virginia "[o]ne-half of [Clyde's] military
retirement for eighteen (18) years." The parties dispute whether the decree awarded Virginia one-half of
Clyde's total retirement for a period of eighteen years, or whether it awarded her one-half of the portion
of Clyde's retirement that he earned during their eighteen-year marriage. (1) The trial court, finding that the
decree was ambiguous, rendered an order clarifying the award as "[a]ll right, title, and interest in and to
34.61 percent of the monthly amount of the United States Army disposable retired pay paid as a result of
CLYDE TATE's service in the United States Army, as an E7 with 20 years of service, and 34.61 percent
of all increases in the United States Army disposable retirement pay due to cost of living, if, as, and when
received."


ANALYSIS


 By points of error two and three, Clyde claims that there was either no evidence or
insufficient evidence to support the trial court's "finding" that the original decree was ambiguous. The
question whether a writing is ambiguous is a question of law. R & D Enters. v. LaGuarta, Gavrel, &
Kirk, Inc., 596 S.W.2d 517, 518 (Tex. 1980). A court of appeals reviews questions of law without
deference to a lower court's conclusion. State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996). Therefore, we will
consider whether, as a matter of law, the trial court erred in concluding that the decree was ambiguous.

 A judgment is interpreted by the same rules as are other written instruments. Haworth v.
Haworth, 795 S.W.2d 296, 298 (Tex. App.--Houston [14th Dist.] 1990, no writ). The court must read
the judgment as a whole to ascertain its meaning. See Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132
(Tex. 1994). A judgment is ambiguous if it is reasonably susceptible of more than one meaning. R & D
Enters., 596 S.W.2d at 519. However, not every difference in opinion regarding the interpretation of a
writing means an ambiguity exists. Forbau, 876 S.W.2d at 134. If a writing is ambiguous, extrinsic
evidence may be considered when interpreting it. R & D Enters., 596 S.W.2d at 519.

 Here, the divorce decree stated that it awarded Virginia one-half of Clyde's military
retirement for eighteen years. Read in isolation, the statement could be interpreted as awarding Virginia
one-half of Clyde's total retirement for the finite period of eighteen years. However, in the context of a
judgment that does not purport to award an unequal share of community property, and given the fact that
eighteen years is related only to the number of years that the community interest accrued, it can also
reasonably be read as awarding Virginia one-half of the community interest in Clyde's retirement benefits. 
We conclude that the trial court did not err by determining that the original divorce decree was ambiguous. 
See Echols v. Echols, 900 S.W.2d 160, 162-63 (Tex. App.--Beaumont 1995, writ denied) (decree
awarding one-half community interest "to be received each month" clarified as including lump sum
payments); Smiley v. Smiley, 679 S.W.2d 170, 173 (Tex. App.--San Antonio 1984, no writ) (judgment
awarding all benefit checks "accrued" clarified to show judgment included all future, as well as past,
checks). We overrule points of error two and three.

 By point of error one, Clyde claims that the trial court exceeded its authority because the
challenged order modified rather than clarified the terms of the divorce decree. We disagree.

 The true meaning of an ambiguous writing is a question of fact. Amistad, Inc. v. Frates
Communities, Inc., 611 S.W.2d 121, 127 (Tex. Civ. App.--Waco 1980, writ ref'd n.r.e.). Clyde did
not request that the trial court file findings of fact. In the absence of findings of fact, the judgment implies
all necessary findings of fact to support it, provided that the implied findings are raised by the pleadings and
supported by the evidence. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). In considering
whether the judgment and implied findings are supported by evidence, it is proper to consider only the
evidence favorable to the judgment and to disregard all contrary evidence. Id.; Austin Area Teachers
Fed. Credit Union v. First City Bank--Northwest Hills, N.A., 825 S.W.2d 795, 801 (Tex.
App.--Austin 1992, writ denied). We must uphold the trial court's order if its implied finding that the
original decree intended to give her a proportionate share of Clyde's retirement, whenever received, is
supported by any evidence.

 Virginia testified that the trial court intended to award her one-half of the community interest
in Clyde's retirement, whenever earned. Further, nothing in the original decree indicated that the trial court
intended an unequal and uncertain distribution of the retirement benefits. Since the parties were married
only eighteen of the twenty-six years Clyde served, Virginia's one-half interest in the community property
is only 34.61%. (2) One-half of Clyde's total retirement pay based on twenty-six years of service would give
Virginia a greater than one-half share in the community property over an eighteen-year period; but,
depending on the number of years in excess of eighteen that Clyde receives a pension, one-half of his total
retirement for eighteen years could be less than a 34.61% interest for as long as Clyde receives a pension. 
Finally, the only significance of an eighteen-year period is that that was the number of years community
property accrued. We conclude that sufficient evidence supports the trial court's determination that the
original decree was intended to give Virginia one-half of the portion of Clyde's retirement that he earned
during their eighteen-year marriage. See Echols, 900 S.W.2d at 162-63; Smiley, 679 S.W.2d at 173. 
Therefore, its order clarifying the original decree is proper. We overrule point of error one.

 By point of error four, Clyde argues that the trial court erred by awarding Virginia any
percentage of Clyde's military retirement benefits. He argues that, when the original order was rendered
on March 31, 1975, the law was that non-vested military retirement benefits were not divisible in a divorce,
so "the purported award to Ms. Tate amounted to an award of nothing under the law as it existed at the
time of the divorce."

 He bases his argument on this Court's decision in Lumpkins v. Lumpkins, 519 S.W.2d
491, 493 (Tex. Civ. App.--Austin 1975, writ ref'd n.r.e.), in which we held that military retirement benefits
that had not vested were not divisible in a divorce proceeding. (3) The Texas Supreme Court overruled
Lumpkins in Cearley v. Cearley, 544 S.W.2d 661, 666 (Tex. 1976), which was handed down after the
March 31, 1975, divorce decree was rendered.

 But, even if Lumpkins represented the law in this judicial district at the time the trial court
rendered its original decree, an error of substantive law does not render a divorce decree void. Cook v.
Cameron, 733 S.W.2d 137, 140 (Tex. 1987); Lawrence v. Lawrence, 911 S.W.2d 450, 451 n.1 (Tex.
App.--Texarkana 1995, writ denied). A judgment is void only when the court rendering it had no
jurisdiction over the parties or the cause, no jurisdiction to render the judgment, or no capacity to act as
a court. Cook, 733 S.W.2d at 140. An error of substantive law can be remedied only by appeal. Id. 
One may not collaterally attack a judgment in a subsequent proceeding. Id.; Day v. Day, 603 S.W.2d
213, 215 (Tex. 1980); Kocian v. Kocian, 643 S.W.2d 798, 799 (Tex. App.--Fort Worth 1982, no
writ). Clyde did not appeal the earlier order, so may not challenge its validity now. See Day, 603 S.W.2d
at 215; Lawrence, 911 S.W.2d at 451 n.1 . (4) We overrule point of error four.

 Finding no error, we affirm the trial court order.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: May 1, 1997

Do Not Publish

1. At the time of trial, Clyde had not paid Virginia any portion of his retirement. 
2. The community interest in Clyde's retirement is 18/26 of the total, or 69.23%. Virginia's one-half
share of 69.23% is 34.61%.
3. Other courts had held that non-vested retirement benefits could be divided in a divorce proceeding. 
See, e.g., Schappell v. Schappell, 544 S.W.2d 807, 809-810 (Tex. Civ. App.--El Paso 1976, no writ);
Miser v. Miser, 475 S.W.2d 597 (Tex. Civ. App.--Dallas 1971, writ dism'd).
4. Non-vested military retirement benefits that were not divisible at the time of divorce could be divided
once they vested. See Cearley v. Cearley, 544 S.W.2d 661, 666 (Tex. 1976) (stating that under cases
such as Lumpkins, spouse would have to file second lawsuit after date benefits vested to obtain its share
of benefits earned during marriage); Yeo v. Yeo, 581 S.W.2d 734, 736 (Tex. Civ. App.--San Antonio
1979, writ ref'd n.r.e.) (suit for partition of military retirement benefits not collateral attack on divorce
decree but merely suit brought by one tenant in common against another).


hat Clyde receives a pension, one-half of his total
retirement for eighteen years could be less than a 34.61% interest for as long as Clyde receives a pension. 
Finally, the only significance of an eighteen-year period is that that was the number of years community
property accrued. We conclude that sufficient evidence supports the trial court's determination that the
original decree was intended to give Virginia one-half of the portion of Clyde's retirement that he earned
during their eighteen-year marriage. See Echols, 900 S.W.2d at 162-63; Smiley, 679 S.W.2d at 173. 
Therefore, its order clarifying the original decree is proper. We overrule point of error one.

 By point of error four, Clyde argues that the trial court erred by awarding Virginia any
percentage of Clyde's military retirement benefits. He argues that, when the original order was rendered
on March 31, 1975, the law was that non-vested military retirement benefits were not divisible in a divorce,
so "the purported award to Ms. Tate amounted to an award of nothing under the law as it existed at the
time of the divorce."

 He bases his argument on this Court's decision in Lumpkins v. Lumpkins, 519 S.W.2d
491, 493 (Tex. Civ. App.--Austin 1975, writ ref'd n.r.e.), in which we held that military retirement benefits
that had not vested were not divisible in a divorce proceeding. (3) The Texas Supreme Court overruled
Lumpkins in Cearley v. Cearley, 544 S.W.2d 661, 666 (Tex. 1976), which was handed down after the
March 31, 1975, divorce decree was rendered.

 But, even if Lumpkins represented the law in this judicial district at the time the trial court
rendered its original decree, an error of substantive law does not render a divorce decree void. Cook v.
Cameron, 733 S.W.2d 137, 140 (Tex. 1987); Lawrence v. Lawrence, 911 S.W.2d 450, 451 n.1 (Tex.
App.--Texar