Donall Michael ECHOLS, Appellant,

v.

Mary Nell ECHOLS, Appellee.

No. 09–93–338 CV.

Court of Appeals of Texas, Beaumont.

June 15, 1995.

Bruce Neill Smith, Beaumont, for appellant.

Melvin J. Boneau, Boneau & Lewis, Port Arthur, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Donall Michael Echols and Mary Nell Echols divorced in 1981. The agreed decree divided the retirement benefits from Mr. Echols's employment by awarding the benefits to him and declaring a trust in favor of Mrs. Echols, and awarding Mrs. Echols a life estate in one-half of the community interest in the retirement benefits to be received each month by Mr. Echols, applying the *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977), formula, however, Mr. Echols took early retirement in 1986 and in 1987 received a lump sum rather than monthly payments, which he rolled over into a tax-sheltered account. Mrs. Echols agreed to wait for her share of the benefits so as to maximize the tax benefits. In 1990, Mrs. Echols filed a "Motion to Enforce Decree of Divorce and For Clarification," complaining that the account had lost money, and requesting an accounting. Mr. Echols responded with an argument that the decree did not address the contingency of a lump-sum distribution, thus, the decree did not and does not divide the community interest in the retirement and suggested that Mrs. Echols should bring an action for partition of the community interest in the retirement benefits valued at the time of divorce and divide under *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983), *not Taggart v. Taggart, supra*. Mrs. Echols amended her pleadings to include allegations of negligence (in investing the benefits) and breach of fiduciary duty, and to request clarifying orders pursuant to TEX.FAM.CODE ANN. § 3.76 (Vernon 1993). The case was tried to the bench on April 30, 1992, largely upon stipulated evidence. On September 3, 1993, the trial court signed a judgment which found Mr. Echols owed Mrs. Echols $67,169.03, offset by $13,100 previously paid to Mrs. Echols, for a net award to Mrs. Echols of $54,069.03 "representing the sum of money held by [Mr. Echols] as constructive trustee for [Mrs. Echols]...." Mr. Echols raises three points of error in his appeal.

Point of error one maintains the trial court erred in failing to file findings of fact and conclusions of law. Appellant filed both a request for findings of fact and conclusions of law and a reminder of past due findings before the court signed the judgment. Since the request was prematurely filed, it was deemed filed on the date the judgment was signed. TEX.R.CIV.P. 306c. Appellant contends Rule 306c applies to the notice of past due findings as well as to the request. Rule 306c applies to motions for new trial and requests for findings of fact, not notices of past due findings. Assuming the matters listed in Rule 306a are inclusive rather than exclusive, we perceive no rationale for applying the rule so that a past due

notice would be deemed timely filed upon entry of judgment. The notice of past due findings was factually incorrect both when it was filed and when the judgment was signed, as the findings would not be late for another twenty days. Such a premature reminder does not facilitate the purpose for the notice. The record does not indicate that appellant brought the matter to the attention of the court during the thirty day period following the date the findings were due. TEX.R.CIV.P. 296, 297. Although appellant did later remind the trial judge that the findings had not been filed, that notice occurred at a point in the trial process where the court's failure will not result in reversible error. *Fleming v. Taylor*, 814 S.W.2d 89, 91 (Tex.App.—Corpus Christi 1991, no writ). Point of error one is overruled.

Point of error three contends the trial court applied an erroneous apportionment formula. The original decree provided for apportionment based upon the "Taggart" formula. *Taggart v. Taggart, supra*. The "Taggart" apportionment method was later modified to avoid the injustice of including post-divorce increases in the calculation of benefits awarded to the non-pensioner spouse. *Berry v. Berry, supra*.

██ Appellant did not appeal from the original divorce decree. *Berry* is not retroactively applied to final property divisions. *Baxter v. Ruddle*, 794 S.W.2d 761 (Tex.1990). Point of error three is overruled.

██ Point of error two urges: "The trial court erred in its clarifying order by substantively changing or modifying the express provisions of the divorce decree regarding the pension formula." The decree assumed the parties would divide monthly payments. Mr. Echols received his retirement benefits in a lump sum of $101,726.76. The "Taggart" formula set forth in the original decree awarded Mrs. Echols 42.89% of the community interest. Where the divorce decree is unambiguous, the trial court has no authority to enter an order altering or modifying the original disposition of the property. *Pierce v. Pierce*, 850 S.W.2d 675 (Tex.App.—El Paso 1993, writ denied). *See,* TEX.FAM.CODE ANN. § 3.71 (Vernon 1993). In this case, the right to future property awarded in the divorce

decree was enforceable on subsequent actual receipt. TEX.FAM.CODE ANN. § 3.75 (Vernon 1993).

The agreed decree included the following:

Respondent [Mr. Echols] now declares himself to be a Trustee for Petitioner's [Mrs. Echols's] benefit of ... *all* ... rights [and] ... expectancies in ... *all* pension and retirement benefits that hereinafter may be distributed from, the plans.... [W]hen he receives *any* such benefits, he will promptly pay ... to Petitioner, the sum determined by the [Taggart] formula....

[W]hen Respondent ... receives retirement benefits, Petitioner is awarded a life estate ... of fifty per cent (50%) of the community interest of the future retirement benefits to be received *each month* by Respondent from his employer, calculated by the following formula:

The *monthly* retirement payment actually received multiplied by a fraction, the numerator being one-half (½) times the number of months Respondent was employed by Gulf Oil Corporation while married, and the denominator being the total number of months Respondent has been employed by his employer to date, plus all future months employed after divorce. Mathematically the *formula,* is expressed as follows:

½ *times months married*

months employed to date + months of future employment = x (Amt due to Petitioner)

Respondent is awarded as his sole and separate property *all* of the interest ... in the retirement plan described, *subject only* to the Petitioner's interest as represented by the results of the above formula. (emphasis added)

Appellant argues the decree did not contemplate the contingency of a lump-sum distribution and could not be clarified to cause any of that distribution to be awarded to Mrs. Echols without impermissibly modifying the decree. Further, that the clause "to be received each month" limits the property division to monthly payments, if any, under the plan, then the retirement benefit actually received was not divided in the original decree and would be divisible under current law

as a previously undivided asset. TEX.FAM. CODE ANN. § 3.91 (Vernon 1993).

We believe the clause at issue in this case to be susceptible to an interpretation that the parties intended to and agreed at the time of divorce to divide all of the retirement benefits, but that Mrs. Echols would not receive her share of the retirement benefits until they were actually distributed to Mr. Echols. Read in this fashion, the clause relates to time of payment, but does not affect the property division itself. The trial court could clarify the decree to provide that Mrs. Echols's share of the plan would be payable to her upon any distribution. We hold that such a clarification does not change the original property division.

Appellee contends the judgment is supportable upon any ground that finds support in the evidence. We agree, but observe that the trial court's *judgment* granted recovery under Family Code Section 3.75, and appellee clearly did not recover upon her tort claims. Therefore, we review the record to determine if the court erroneously altered the substantive division of the property. A letter from appellee's expert, a certified public accountant named Nolan Miller, states: "The calculated value of the $101,726.76 lump-sum benefit Donall Echols did received (sic) would have been $156,607.66 based on the assumed interest rates." Appellee filed at trial a "Petitioner's Statement of Position," which was submitted pursuant to an agreement for the presentation of evidence, states: "If the $101,726 is used, *based on the interest rates which were unchallenged* at the first hearing, the figure is $156,797.00, with MRS. ECHOLS' interest being $67,250.23." (emphasis added) Thus, it appears the trial court took the pension benefits actually received, $101,726.76, added the unchallenged interest of $55,071.00, and awarded Mrs. Echols 42.89% of $156,797.00, or $67,250.23. Appellant does not argue that the prejudgment interest was improperly calculated. We overrule point of error two and affirm the judgment.

AFFIRMED.