In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00145-CV


______________________________




SWIFT INTERNATIONAL SERVICE GROUP, INC., 


D/B/A SWIFT SERVICE COMPANY, Appellant


V.



VIRGEL MALI, F/K/A VIRGEL OWENS, Appellee




 


On Appeal from the County Civil Court at Law Number One


Harris County, Texas


Trial Court No. 761,985




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Swift International Service Group, Inc., d/b/a Swift Service Company, appeals from a
judgment rendered against it in a bench trial. Virgel Mali, f/k/a Virgel Owens, a former commission
sales employee of Swift, sued for back pay allegedly due because of unpaid commissions on sales
she made before she left the company. Swift is a freight shipment business. Mali testified she had
obtained business for Swift with American Seating and with PreCast Concrete before she left Swift. 
According to her estimates, the amount of business obtained by her efforts totaled about
$250,000.00, on which she was due to be paid a five percent commission. Swift did not ask for
findings of fact to be made. Mali did, through proposed findings presented to the court before trial,
but it appears the court never entered or signed any findings. The issues raised are (1) legal and
factual sufficiency of the evidence and pleadings, (2) failure of the trial court to making findings of
fact and conclusions of law, and (3) dispute as to the exclusion of Nerv C. Thomas' testimony. We
affirm the judgment.

Legal and Factual Sufficiency of Evidence and Pleadings

 Swift contends the trial court's judgment is unsupported by the evidence. In determining a
no-evidence issue, we are to consider only the evidence and inferences that tend to support the
findings and disregard all evidence and inferences to the contrary. Bradford v. Vento, 48 S.W.3d
749, 754 (Tex. 2001); Cont'l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996). 
Anything more than a scintilla of evidence is legally sufficient to support the finding. Cazarez, 937
S.W.2d at 450. When considering a factual sufficiency challenge to a verdict, we consider and
weigh all of the evidence, not just that evidence which supports the verdict. Mar. Overseas Corp.
v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998). A court of appeals can set aside the verdict only if it is
so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. 
Id.; Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). A court of appeals is not a fact-finder. 
Accordingly, a court of appeals may not pass on the witnesses' credibility or substitute its judgment
for that of the fact-finder, even if the evidence would clearly support a different result. Ellis, 971
S.W.2d at 407. 

 Swift argues the verdict is unsupported because the pleadings and evidence do not show
Swift is liable. Swift contends that the pleadings allege Thomas breached the contract and the
pleadings do not allege Swift is liable. We disagree. The petition names Swift as a defendant, and
the explanatory language within the petition reflects that Swift's owner/manager is Thomas and that
any wrongful acts were done by Thomas in his role as Mali's employer on behalf of Swift. The
employment contract attached to the petition also shows that Mali was hired to work as a "part-time
contract employee for Swift Service Company." The contract was signed by Nerv C. Thomas as
president of Swift Service Company. The amended answer also shows that all of the defendants
were responding as a group, including Thomas and Swift. 

 Swift also contends the evidence does not support the judgment because Mali's testimony is
inconsistent, contradictory, and not credible. As explicitly set out above, this Court may not consider
the credibility of a witness. That is a matter for the fact-finder, and we may not intrude.

 The remainder of Swift's argument is directed at the lack of testimony by Mali about the
precise amount she believed Swift owed her. Mali testified generally about the amount she believed
Swift had realized as a result of her work, but could not provide exact amounts, because she stopped
working for Swift after the bids were placed and the jobs accepted, but before those freighting jobs
were physically initiated. She pointed out that, although specific amounts were bid, they were
subject to change depending on the eventual number of trucks needed to make the shipments. She
also testified that, before she left employment, she had placed the business (which she defined as
having Swift's bid accepted) with the two companies for the stated amount.

 Thomas testified at trial that the amount realized was less than that to which Mali had
testified, but when asked if he had brought any records to support his statements, he stated that,
although he did keep such records, he had not brought them to trial. He could not testify either
specifically or generally about the amount of the contracts, and most of the questioning was directed
at the issue of whether the business was initiated by Mali, or if it was pre-existent. That issue is not
brought before this Court on appeal. Thus, there was testimony before the trial court about the
expected amount of the contracts and testimony from Thomas to a lesser amount, but Thomas did
not provide any written documentation to bolster his testimony. In the face of conflicting evidence,
it is the fact-finder's duty to judge the credibility of the witnesses. The evidence is both legally and
factually sufficient to support the verdict.

Findings of Fact

 Swift also contends the trial court erred by failing to make findings of fact and conclusions
of law. Swift argues that, in their absence, we should presume harm because it cannot adequately
articulate its appellate complaints. Mali requested findings, and tendered proposed findings, to the
court before the trial was conducted. The request was premature, but sufficient. A premature
request for findings of fact is deemed filed on the date of, but subsequent to, the signing of the
judgment. Tex. R. Civ. P. 306c; Echols v. Echols, 900 S.W.2d 160, 161 (Tex. App.-Beaumont
1995, writ denied). 

 The trial court did not make any separate findings, but did state with considerable specificity
at the conclusion of the trial on what its ruling was based. Further, Swift did not file a separate
request for findings, and neither party filed a notice of past due findings as required by Tex. R. Civ.
P. 297.

 Mali suggests that we should treat the trial court's comments as findings. However, in our
review, we cannot consider any comments the court may have made at the conclusion of a bench trial
as a substitute for findings of fact and conclusions of law. In re W.E.R., 669 S.W.2d 716 (Tex.
1984); Rutledge v. Staner, 9 S.W.3d 469, 470 (Tex. App.-Tyler 1999, pet. denied). Oral statements,
even on the record, as to findings made by the court on the record will not be accepted as findings
of fact. Tate v. Tate, 55 S.W.3d 1, 12 (Tex. App.-El Paso 2000, no pet.). Nor may the court have
those statements prepared as a reporter's record and filed as findings of fact and conclusions of law. 
Id.; Nagy v. First Nat'l Gun Banque Corp., 684 S.W.2d 114, 115-16 (Tex. App.-Dallas 1984, writ
ref'd n.r.e.). 

 The failure to file findings, however, is not controlling in this case. The failure to file a
notice of past-due findings of fact waives the right to complain about the failure to file them, and we
therefore review the judgment as though none had been requested. Las Vegas Pecan & Cattle Co.
v. Zavala County, 682 S.W.2d 254, 255 (Tex. 1984); Curtis v. Comm'n for Lawyer Discipline, 20
S.W.3d 227, 232 (Tex. App.-Houston [14th Dist.] 2000, no pet.). 

 When an appellant does not request or file findings and conclusions, the appellate court
presumes the trial court found all fact questions in support of its judgment and must affirm on any
legal theory finding support in the pleadings and evidence. Allen v. Allen, 717 S.W.2d 311, 313
(Tex. 1986); Chang v. Nguyen, 81 S.W.3d 314, 317 (Tex. App.-Houston [14th Dist.] 2001, no pet.). 
In the absence of findings of fact and conclusions of law, it is implied that the trial court found all
facts necessary to support its judgment as long as they also are supported by the evidence. BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002). (1) 

 The contention of error is without support and is overruled.

Testimony of Nerv C. Thomas

 Swift also contends the trial court erred because it refused to consider any of the testimony
of Thomas. Swift takes the position that, because he was a named party, he had a right to testify and
the trial court could not exclude his testimony. 

 There was a substantial discussion related to Swift's failure to provide discovery in a timely
fashion, and a request was made by counsel to exclude both Thomas as a witness because he was not
timely identified, and also to exclude material or information that was not timely disclosed. The
record indicates that, even though some form of request for disclosure had been filed and served
seven months before trial, Swift provided a response only three days before trial was to commence. 
Mali objected to the court's allowing Swift to introduce material or information provided at that late
date.

 Mali objected based on Tex. R. Civ. P. 193.6. The trial court recognized the explicit
language of the rule, which allows a witness who is also a named party to testify without being
otherwise identified. Although the trial court stated at the beginning of the discussion that the rule
specifically allowed named parties to testify, it then withheld ruling until the end of Thomas'
testimony. The court then, without further explanation, sustained the Rule 193.6 objection. 

 Although we cannot consider the statements made by the trial court as findings of fact, we
can consider them in determining the scope of its ruling. It is clear that, because he was a party,
under the rule, Thomas could testify-as acknowledged by the trial court. Further, although its
explanation of its ruling and alternative grounds to support its ruling are not "findings of fact," it is
clear from its explanations that it had not only heard the testimony of Thomas, but had used that
testimony and evidence in reaching its decision. During the trial, the court asked Thomas what he
thought constituted the placement of a business contract. The court further confirmed that Thomas
considered placement of business to refer only to new business. 

 In the final decision, the trial court announced that the contract did not require the placement
of new business. It therefore appears that, despite the breadth of the language used by the court in
sustaining the objection, Thomas' testimony was considered. Further, no documentary evidence was
proffered by Swift, although the court did review some evidence that had been introduced by Mali. 
Thus, the trial court did not exclude any documentary evidence. Under these circumstances, we
cannot agree that the trial court abused its discretion in its ruling on the admissibility of evidence. 

 We affirm the judgment.



 Jack Carter

 Justice


Date Submitted: September 26, 2003

Date Decided: September 29, 2003


1. However, those implied findings may be challenged on appeal for legal and factual
sufficiency where the appellate record includes the reporter's and clerk's records. BMC Software
Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002); Tex. Dep't of Pub. Safety v. Nielsen, 102
S.W.3d 313, 316 (Tex. App.-Beaumont 2003, no pet. h.).


awed for this reason, as well.

 Mobley's convictions violate double jeopardy because he has been convicted and sentenced
twice for the same offense. See Cavazos, 203 S.W.3d at 335-37.

 Typically, when a defendant is convicted of multiple offenses that are the same for double
jeopardy purposes, the conviction for the most serious offense should be retained and the other
offenses should be set aside. Id. at 337; Rangel, 179 S.W.3d at 71. When the degree of both
offenses and the punishment assessed for both offenses is the same, this rule is inapplicable, and any
one of the convictions can stand. See Ex parte Senterfitt, No. AP-75659, 2007 WL 1138875, at *1
(Tex. Crim. App. Apr. 18, 2007) (mem. op., not designated for publication) (court affirmed one out
of three convictions for burglary that arose from single unlawful entry). 

 We modify the trial court's judgment to strike only Mobley's conviction and sentence under
Count II; we affirm the judgment of the trial court as to Counts I and III.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 21, 2008

Date Decided: October 1, 2008


Do Not Publish


 
1. Jones is the mother of a former girlfriend of Mobley, while Anderson is Jones' boyfriend.
2. While the underlying assaultive offenses may have constituted separate and distinct acts,
requiring proof of assault on both parties, Mobley was not convicted of the underlying offenses.
Rather, he was convicted of two burglaries. 
3.