Opinion issued May 3, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-01096-CV

———————————

cicily joseph, Appellant

V.

sunny T. joseph, Appellee



 



 

On Appeal from the 310th District Court

Harris County, Texas



Trial Court Case No. 2003-13095

 



 

MEMORANDUM OPINION

          In
this suit affecting the parent-child relationship, Cicily Joseph moved to
modify Sunny Joseph’s child support, alleging that he fraudulently
misrepresented his income during mediation of the child support issue and consequently
should be ordered to pay additional child support. After the trial court
granted a directed verdict against her, Cicily appealed. In eight issues, she
contends that the trial court erred by (1) instructing a verdict, (2) excluding
certain evidence, (3) failing to award her interest on “underpaid” child
support, (4) failing to award her attorney’s fees, and (5) failing to prepare
findings of fact and conclusions of law. 

We affirm the trial court’s
judgment.  

Background

          Because the background of
this case is well known to the parties, we do not recite it here in detail; we
reference only those facts necessary to the disposition of this appeal. When Sunny
and Cicily Joseph divorced, they had three children under the age of eighteen. Based
on Sunny’s representations about his income, the parties agreed Sunny would pay
$550 each month in child support. Cicily later learned, however, that the Texas
Comptroller was pursuing Sunny for unreported earnings from a chain of
convenience stores. Alleging that Sunny had fraudulently misrepresented his
income, Cicily sought to increase Sunny’s child support obligation. Sunny
denied having unreported income, and the parties proceeded to a bench trial on
the issue. At the close of Cicily’s evidence, Sunny moved for and was granted a directed verdict on the ground that
Cicily failed to present sufficient evidence of a material and substantial
change in Sunny’s financial circumstances. 

Directed Verdict

In her fifth
issue, Cicily asserts that the trial court erred by directing a verdict against
her. The trial court could direct a verdict if no evidence of probative force
raised a fact issue on the material questions in Cicily’s modification suit. See City of Keller v. Wilson, 168 S.W.3d
802, 823 (Tex. 2005) (holding that standard of review for legal sufficiency
challenges applies to review of directed verdict). We view the evidence in the
light most favorable to Cicily, as the party suffering an adverse judgment. See S.V. v. R.V., 933 S.W.2d 1, 8 (Tex.
1996). The directed verdict for Sunny was proper if (1) Cicily failed to
present evidence raising a fact issue essential to her right of recovery or (2)
Cicily admitted or the evidence conclusively established a defense to her cause
of action. See Prudential Ins. Co. of Am.
v. Fin. Review Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000). 

At the commencement of trial,
Cicily acknowledged that a single issue was before the court: whether Sunny
gave false testimony during the initial divorce proceedings that justified
modification of his child support obligations. A court may modify a child
support order “if the circumstances of the child or a person affected by the
order have materially and substantially changed since . . . the date of the
order’s rendition.” Tex. Fam. Code Ann.
§ 156.401(a)(1) (A) (West 2010). To determine whether modification of child
support is warranted, the court must examine and compare the circumstances of the
parents and any minor children at the time of the initial order with the
circumstances existing at the time of trial in the modification suit. In re D.S., 76 S.W.3d 512, 520 (Tex.
App.—Houston [14th Dist.] 2002, no pet.). The record should contain both historical
and current evidence of the relevant person’s financial circumstances. London v. London, 192 S.W.3d 6, 15 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied). 

Reviewing this record in the light
most favorable to Cicily, we conclude that she failed to present legally
sufficient evidence that Sunny misrepresented his income or that his financial
circumstances had improved. Two witnesses testified at trial: Sunny and his son
Richard. Although the record does not contain any evidence of the amount of
Sunny’s income at the time the parties’ agreed to $550 in child support, Sunny
explained that that amount was all he could afford. In the two years following
the initial child-support determination, Sunny earned less than $30,000 working
in real estate and as an employee for a chain of convenience stores. The next
year, however, Sunny injured his knee and stopped working; he remained
unemployed at the time of trial. Sunny denied having any ownership interest in
the chain of convenience stores for which he worked and denied being entitled
to any greater income than he reported on his tax returns.[1] 

Richard
worked in one or more of the same convenience stores. With respect to the owner
of the stores, Richard testified that it “could have been my dad, this guy
named Beno or Benew, a guy named Michael, my step mom’s brother, and brothers
actually, I think. But I know my dad had a percentage in it.” Despite being
confident that Sunny had some ownership interest in the convenience stores and
received a salary, Richard confessed to not having personal knowledge of
Sunny’s income at the time of trial. Through Richard’s testimony, Cicily
introduced reports of the convenience stores’ sales. But, like Richard’s
testimony, the reports are not evidence of any amounts Sunny earned. Thus, on
this record, we hold that the trial court did not err in directing a verdict
against Cicily in her modification suit. 

We overrule
Cicily’s fifth issue, as well as her first, second, fourth, and eighth issues raising
other complaints about the directed verdict. Moreover, because we have held
that the trial court correctly determined Cicily could not prevail in her
modification suit, we also hold that trial court did not err in failing to
award Cicily attorney’s fees and overrule her seventh issue.   

Findings of Fact and Conclusions of
Law

          In her
sixth issue, Cicily complains that the trial court failed to file findings of
fact and conclusions of law. In a case tried without a jury, any party may
request, within twenty days after the judgment is signed, that the trial court
prepare findings of fact and conclusions of law. Tex. R. Civ. P. 296. Cicily requested findings of fact and
conclusions of law nine days before the trial court signed its judgment, making
her request premature. Rule 306c provides that premature requests for findings
of fact and conclusions of law shall be deemed filed on the date of, but
subsequent to, the judgment. See Tex. R. Civ. P. 306c; Echols v. Echols, 900 S.W.2d 160, 161
(Tex. App.—Beaumont 1995, writ denied). Cicily, however, also prematurely
notified the trial court that its findings and conclusions were past due—i.e., she filed her notice of past due findings and
conclusions before the expiration of twenty days from the date of the
judgment. See Tex. R. Civ. P. 297. Rule 306c does not apply to a
prematurely filed notice of past due findings of fact and conclusions of law. See Tex.
R. Civ. P. 306c (referencing only motions for new trial and requests for
findings of fact and conclusions of law); see
also Echols, 900 S.W.2d at 161. “[A] factually incorrect, premature
reminder does not serve the purpose for the notice.” Gorski v. Welch, 993 S.W.2d 298, 302 (Tex. App.—San Antonio 1999,
pet. denied). The record does not indicate that Cicily otherwise timely brought
the matter to the trial court’s attention. Consequently, Cicily waived her
complaint regarding the trial court’s failure to file findings of fact and
conclusions of law.[2] 

We overrule
Cicily’s sixth issue. 

Conclusion

          Having determined that the
trial court did not commit error or that error, if any, has not been preserved
for our review, we affirm the trial court’s judgment.         

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.











[1]
          As her third issue presented,
Cicily separately states a complaint that the trial court made “erroneous
evidentiary rulings [that] allowed [Sunny] to evade the truth.” The only
specific reference to an evidentiary ruling in the argument portions of Cicily’s
brief, however, appears in that section of her brief addressing the sufficiency
of the evidence. There, Cicily cites to a page of the record on which the trial
court sustained Sunny’s hearsay objection to a letter from the Texas
Comptroller, but she has not presented any argument or authority to support her
claim that the trial court erred in its ruling. Cicily’s evidentiary-rulings
complaint is therefore waived for inadequate briefing. See Tex. R. App. P.
38.1(f).  

 





[2]
          Even had Cicily preserved this
complaint for our review, we would hold that any error in the trial court’s
failure to issue findings of fact and conclusions of law is not reversible
error. Although “harm to the complaining party is presumed unless the
contrary appears on the face of the record,” a trial court’s “failure to make
findings is not harmful error if ‘the record before the appellate court
affirmatively shows that the complaining party suffered no injury.’” Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996)
(quoting Cherne Indus. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989)); Las Vegas Pecan & Cattle
Co. v. Zavala Cnty., 682 S.W.2d 254, 256
(Tex. 1984). Here, Sunny moved for directed verdict on a single ground:
Cicily’s failure to present legally sufficient evidence of a material and
substantial change in Sunny’s financial circumstances. The record thus overcomes
the presumption of harm by making clear the basis for the trial court’s directed
verdict. Cicily has not explained how she was otherwise prevented from properly
presenting her case on appeal. See Tex. R. App. P. 44.1.