**Opinion issued July 15, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00307-CV

———————————

## W.M. ROBERSON, Appellant

## V.

## AARON CHEVALIER, Appellee

On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1027595

## MEMORANDUM OPINION

This is an eviction case. The county court at law, in an appeal from the justice court, determined that Aaron Chevalier had a superior right to possession of a residence. W.M. Roberson appeals the county court's take-nothing judgment in

Chevalier's favor, contending that the evidence is legally and factually insufficient to support it. Roberson also complains that Chevalier failed to comply with the service rules and that the county court erred by failing to file findings of fact and conclusions of law. We affirm.

## Background

In 2011, Chevalier lived in a single-family residence located in northwest Houston. According to Chevalier, he resided at the property as its caretaker at the behest of Ronald Curtis, the grandson and sole heir to the estate of the now-deceased record title owner, Ella Francis Townsend. Chevalier recounted that Roberson appeared on the property in May 2012 and told Chevalier that he was taking the property from Curtis "due to a misplacement of the deceased owner's will." Initially believing him, Chevalier executed a written rental agreement with Roberson. In June 2012, Chevalier paid Roberson $1,025 for the deposit and the first month's rent. After contacting Roberson to repair storm damage to the carport, Chevalier discovered that Roberson did not have insurance on the property. Roberson's lack of insurance made Chevalier suspicious of Roberson's claim of ownership. Chevalier learned through a search of the Harris County Appraisal District (HCAD) website that the estate of Ella Francis Townsend—not Roberson—was listed as the property owner.

Chevalier stopped paying rent in November 2012, whereupon Roberson petitioned for forcible entry and detainer in the justice court. In the justice court, Chevalier denied that Roberson owned the property or represented the property's owner. The justice court ruled that Roberson was entitled to possession of the premises. The justice court's judgment did not assess delinquent rent, but it ordered Chevalier to pay Roberson $550 monthly during the pendency of the appeal.

Chevalier appealed the ruling to the county civil court at law. The county court conducted a bench trial, and the court reporter has certified that no record was made of the proceedings. After the trial de novo, the county civil court at law signed a take-nothing judgment in Chevalier's favor.

### Forcible Detainer

A landlord may file a forcible detainer action to reclaim possession of property when a tenant refuses to surrender possession of the subject property on demand. *See* TEX. PROP. CODE ANN. § 24.002(a) (West 2000). A forcible detainer action is dependent on proof of a landlord-tenant relationship. *Rice v. Pinney*, 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no pet.). The only issue to be determined in a forcible detainer action is the entitlement to actual and immediate possession of real property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). A determination of title, however, "shall not be

3

adjudicated." *Pina v. Pina*, 371 S.W.3d 361, 364–65 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *accord Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) ("To maintain simplicity, the applicable rule of procedure provides that 'the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated.'" (quoting TEX. R. CIV. P. 746)); *see also* TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2013) (declaring that "[a] justice court does not have jurisdiction of . . . a suit for trial of title to land"); *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App—San Antonio 2001, pet. dism'd w.o.j.) (noting justice courts are without jurisdiction to adjudicate title to land). A forcible detainer action is cumulative of any other legal remedy that a party may have. *See Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.—Dallas 2011, pet. denied); *Rice*, 51 S.W.3d at 708.

### *Evidentiary sufficiency*

Roberson appeals the legal and factual sufficiency of the evidence to support the trial court's judgment. The court reporter has certified that no reporter's record exists of the county court bench trial. An appellant has the burden to bring forward a sufficient record to show the trial court's claimed error. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When a party raises an issue on appeal relying on evidence presented to the trial court—

4

as Roberson does here, in challenging the sufficiency of the evidence—we must presume the trial court had before it and determined all facts necessary in support of the judgment absent any record of what evidence the trial court considered. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) ("'The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment.'" (quoting *Gallagher v. Fire Ins. Exchange*, 950 S.W.2d 370, 370–71 (Tex. 1997)); *see also Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 WL 1067950, at *3 (Tex. App.—Houston [1st Dist.] May 29, 2012, no pet.) (mem. op.) (concluding, in *Craddock* review of default judgment, that because "Onwubuche did not file a reporter's record as part of his record on appeal," the court "must presume that the reporter's record contains evidence to support the trial court's rulings on all issues of fact"). Accordingly, we presume the trial court found the necessary facts to establish that Chevalier had the superior claim to immediate possession of the property. *Public, Inc. v. County of Galveston*, 264 S.W.3d 338, 341–42 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We therefore reject Roberson's evidentiary-sufficiency challenges.

### Notice and compliance with Rule 21a

Roberson also complains that Chevalier failed to comply with the service rules when he filed his answer, exhibits, and notice of pauper status in the county

court. *See* TEX. R. CIV. P. 21a. Nothing in the record, however, indicates that Roberson raised these complaints before the trial court. Roberson did not move to continue the trial, nor does he present any argument or discussion with respect to how the trial court's consideration of the purportedly belated filings probably caused rendition of an improper judgment on his claims. *See* TEX. R. APP. P. 44.1(a)(1). In particular, Roberson does not explain whether any of the filings or exhibits in the trial de novo differed so greatly from those presented in the justice court that they constituted an unfair surprise. We hold that Roberson has failed to demonstrate that any of the service issues he challenges provides a basis for reversing the county court's judgment.

*Absence of findings of fact and conclusions of law*

Roberson contends the trial court erred by failing to make findings of fact and conclusions of law. Under Texas Rule of Civil Procedure 296, when a party makes a proper and timely request for findings of fact and conclusions of law and the trial court fails to comply, harm is presumed unless the record affirmatively shows that the requesting party was not harmed by their absence. TEX. R. CIV. P. 296; *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam); *Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 182 (Tex.App.—Houston [14th Dist.] 2012, no pet.).

Rule 296 requires a party to make a written request for findings of fact and conclusions of law within twenty days after judgment is signed. TEX. R. CIV. P. 296. If the court does not file its findings and conclusions within twenty days after a timely request, the party making the request "shall, within thirty days after filing the original request, file with the clerk and serve on all other parties . . . a 'Notice of Past Due Findings of Fact and Conclusions of Law." TEX. R. CIV. P. 297.

Roberson filed his request for findings of fact and conclusion of law on May 3, 2013, one day before the county court signed the final judgment. Rule 306c provides that premature requests for findings of fact and conclusions of law shall be deemed filed on the date of, but subsequent to, the judgment. *See* TEX. R. CIV. P. 306c; *Echols v. Echols*, 900 S.W.2d 160, 161 (Tex. App.—Beaumont 1995, writ denied). Roberson timely filed a notice of past due findings of fact and conclusions of law on May 30, 2013. We therefore consider whether the record affirmatively shows that Roberson was not harmed by the absence of findings of fact and conclusions of law.

The clerk's record contains controverted evidence over the single issue of whether Roberson was entitled to actual and immediate possession of the property. Roberson presented a lease agreement signed by Chevalier and an affidavit Roberson filed in the real property records claiming that he had adversely possessed the property. Chevalier, for his part, provided the title to the property

and a letter from the deceased record property owner's putative heir explaining that Chevalier had his permission to reside on the property as its caretaker. Chevalier also provided a written statement explaining that Roberson fraudulently induced him to sign the lease. The clerk's record affirmatively shows that the possession issue came down to a credibility determination, which the trial court necessarily made in favor of Chevalier and to which we owe deference on appellate review. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998); *Dyer v. Cotton*, 333 S.W.3d 703, 709 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Because the only issue in the case is the right of possession of the property, and Roberson failed to include a reporter's record, the trial court's judgment determining possession is self-explanatory; we thus conclude that Roberson was not harmed by the absence of findings of fact and conclusions of law.

## Conclusion

We affirm the judgment of the county court at law.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.

8