**AFFIRMED; Opinion Filed May 11, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00814-CV

**JAMILA NISBY, Appellant**
**V.**
**DENTSPLY INTERNATIONAL, INC., Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-03232**

# MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Jamila Nisby filed a bill of review in the trial court seeking to set aside a default judgment Dentsply International Inc. obtained against her. After a jury trial, the trial court rendered a final judgment on the jury's verdict denying Nisby's bill of review. The trial court also awarded Dentsply $50,000 in attorney's fees plus conditional appellate attorney's fees. In three issues, Nisby contends we should reverse the trial court's attorney's fees award because (1) Dentsply failed to request attorney's fees in its pleadings, (2) the trial court failed to file findings of fact and conclusions of law to support the attorney's fees award, and (3) the amount of the attorney's fees award was not reasonable. For the reasons that follow, we conclude Nisby's issues lack merit. Accordingly, we affirm the trial court's judgment.

Before addressing Nisby's specific issues, we note the following with respect to the appellate record before us. In this case, the record consists solely of the clerk's record. The

docketing statement prepared by Nisby indicates that although the trial proceedings were recorded, she did not request a reporter's record for this appeal. The complaining party bears the burden of properly initiating the completion of a record sufficient to demonstrate reversible error. *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex. 1987). If the complaining party fails to do so, and raises issues that require a review of the evidence, those issues are deemed waived. *See Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 840 (Tex. App.—Dallas 2000, no pet.).

In her first issue, Nisby complains that the attorney's fees award should be reversed because Dentsply's answer to her bill of review did not request attorney's fees. Dentsply responds that its motion to enter final judgment specifically requesting attorney's fees is a pleading sufficient to support the attorney's fees award. We agree with Dentsply. A post-verdict motion requesting attorney's fees filed before the entry of a final judgment is a sufficient pleading to support an attorney's fee award. *See Good v. Baker*, 339 S.W.3d 260, 267 (Tex. App.—Texarkana 2011, pet. denied); *Swate v. Medina Cmty Hosp.*, 966 S.W.2d 693, 702 (Tex. App.—San Antonio 1998, pet. denied). We resolve Nisby's first issue against her.

In her third issue, Nisby asserts that the amount of attorney's fees awarded to Dentsply was not reasonable. Specifically, she argues that $50,000 for defending the bill of review, when added to the underlying default judgment's $13,358 fee award, far exceeded the actual damages of $11,000 found by the jury. The amount and reasonableness of attorney's fees is a question of fact to be determined by the factfinder as any other fact issue and as such is required to be supported by competent evidence. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 12 (Tex. 1991). Here, we are unable to review the evidence relating to the trial court's attorney's fee's award because Nisby did not request a reporter's record. Thus, Nisby has waived this complaint. *See Favaloro*, 13 S.W.3d at 840.

In her second issue, Nisby contends the trial court's award of attorney's fees should be reversed because the trial court failed to file findings of fact and conclusions of law despite Nisby's timely request and notice of past due findings pursuant to the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 296, 297. She argues that in light of the multiple factors the trial court may consider when determining attorney's fees, she is now left to guess the reason for the amount of fees awarded by the trial court.

We first note that when a trial court fails to file findings and conclusions after a timely request and reminder under the rules of civil procedure, the preferred remedy is not reversal but abatement of the appeal to allow the trial court to make its findings and conclusions. *See Larry F. Smith, Inc. v. The Weber Co., Inc.*, 110 S.W.3d 611, 616 (Tex. App.—Dallas 2003, pet. denied). Our review of the record also reveals that Nisby's request for findings and past due notice were filed on April 11, 2014 and May 9, 2014 respectively, after the trial court signed a final judgment on March 27, 2014 that included an award of attorney's fees to Dentsply of $126,503.60. Nisby filed a motion to modify the March 27 judgment on April 15, 2014. The trial court subsequently signed a second final judgment on July 8, 2014, reducing the amount of attorney's fees awarded to Dentsply to $50,000. This is the judgment from which Nisby appeals.

Nisby did not request findings of fact or conclusions of law from the trial court with respect to the July 8, 2014 final judgment that awarded $50,000 in attorney's fees. Nisby's April 11, 2014 request for findings of fact and conclusions of law directed to the March 27, 2014 judgment were effective as a request pertaining to the July 8, 2014 judgment. *See* TEX. R. CIV. P. 306c. But Nisby did not file notice of past due findings of fact and conclusions of law at any time after the July 8, 2014 judgment. The text of rule 306c does not include prematurely filed past due notices of findings of fact and conclusions of law. *See id.* Courts that have considered the issue have concluded that rule 306c does not include a prematurely filed notice of past due

findings of fact and conclusions of law. Here, the notice of past due findings was factually incorrect because the findings relating to the July 8 judgment were not past due at the time of Nisby's prematurely filed notice. *See Estate of Gorski v. Welch*, 993 S.W.2d 298, 301 (Tex. App.—San Antonio 1999, pet. denied); *Echols v. Echols*, 900 S.W.2d 160, 162 (Tex. App.— Beaumont 1995, writ denied); *see also* TEX. R. CIV. P. 297 (requiring the notice of past due findings to "state the date the original request was filed and the date the findings and conclusions were due"). If a notice of past due findings were allowed to be prematurely filed, it would defeat the purpose of reminding the trial court that it has been requested to file findings and has not done so by the time prescribed by the rules of procedure. *See Gorski,* 993 S.W.2d at 301; *Echols*, 900 S.W.2d at 162. Were we to treat a prematurely filed notice of past due findings of fact as effective, it would become standard practice to file such notice together with the original request for findings of fact and conclusions of law thereby systematically defeating the requirements of rule 297 and the purpose of alerting the trial court to file the findings and conclusions. As demonstrated from this record, where the trial court ruled in favor of Nisby's motion to modify the judgment by reducing the complained-of attorney's fees by $76,503.60 in the July 8, 2014 final judgment, the trial court could only be made aware that Nisby still requested findings of fact and conclusions of law for appellate purposes if Nisby had complied with rule 297 by filing a notice that they were past due. Because notice of past due findings of fact and conclusions of law is a prerequisite to complain on appeal of the trial court's failure to file any, we conclude Nisby has not preserved this issue for our review. *See Burns v. Burns*, 116 S.W.3d 916, 921–22 (Tex. App.—Dallas 2003, no pet.); *Gorski*, 993 S.W.2d 301–02.

Moreover, even if Nisby had made a proper request, she was not harmed by the trial court's failure to make such findings because the absence of a reporter's record on appeal creates a presumption the record contains evidence to support a judgment and would preclude any

challenge to the legal or factual sufficiency of the findings. *See Simon,* 739 S.W.2d at 795.

Accordingly, the record before us affirmatively shows Nisby suffered no injury from the trial

court's failure to file findings and conclusions had they been timely requested. *See Tenery v.*

*Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). We resolve Nisby's second issue against her.

We affirm the trial court's judgment.

/ David Evans/
DAVID EVANS
JUSTICE

140814F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMILA NISBY, Appellant

No. 05-14-00814-CV          V.

DENTSPLY INTERNATIONAL, INC.,
Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-03232
Opinion delivered by Justice Evans Justices
Fillmore and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Dentsply International, Inc. recover its costs of this appeal from appellant Jamila Nisby.

Judgment entered this 11th day of May, 2015.